**M & J SERVICES, INC., Max Moon and Jacquelyn Moon, Appellants (Plaintiffs Below),**

v.

**VMK, INC., Leon Vance, Donald Knotts, and Betty Mays, Appellees (Defendants Below).**

**No. 48A04–9004–CV–164.**

Court of Appeals of Indiana, Fourth District.

Oct. 30, 1990.

R.D. Reading, Wabash, for appellants.

Wesley D. Schrock, Anderson, for appellees.

CHEZEM, Judge.

### Case Summary

Plaintiffs–Appellants, M & J Services, Inc., Max and Jacquelyn Moon (collectively, "M & J"), appeal from the denial of their Motion to Correct Error. We reverse.

### Issue

M & J presents one (1) issue for our review, which we restate as follows:

Whether the trial court abused its discretion by refusing to set aside the dismissal entered against M & J.

### Facts and Procedural History

On March 15, 1989, M & J filed its Motion for Trial Setting. On the face of the motion is a hand-written notation which states "[t]alk to parties and schedule." On the same day, the trial court also made the following order book entry:

Plaintiff's Motion for Trail [sic] Setting filed. Bench trial set for July 6 and July 7, 1989, beginning at 9:00 a.m. for all day each day (2nd choice) with backup date of October 11 and October 12, 1989 (1st choice).

While the matter was set for trial, the clerk did not serve a notice of the order book entry by mail on any of the parties. There is also no indication or note in the record or docket of any such mailing.

The case proceeded to trial on July 6, 1989, at which time the trial court made the following order book entry:

This matter comes before the Court for trial. Plaintiffs and [their] counsel fail to appear. Defendants and their counsel, Wesley Schrock, appear. Plaintiffs' complaint is now dismissed with prejudice for want of prosecution. Defendants move to withdraw their counterclaim; motion granted. Costs vs. plaintiffs. JUDGMENT OF DISMISSAL.

On July 18, 1989, M & J filed its Motion to Set Aside Dismissal, along with the affidavit of its attorney, which stated in part that the only notice of a trial setting they received was a telephone call supposedly from the clerk scheduling the matter for trial on October 11, 1989. The matter was taken under advisement, and denied on October 6, 1989. M & J then filed its Motion to Correct Error on November 6, 1989. This was denied by the trial court on November 6, 1989.

### Discussion and Decision

M & J argues that the trial court abused its discretion when it refused to set

aside the dismissal entered against M & J on July 6, 1989. In particular, M & J cites the clerk's failure to comply with the requirements for mailing notice and marking the docket set forth in Ind. Trial Rule 72(D), as well as a certain telephone call supposedly from the clerk scheduling the trial for October 11, 1989.

We first note that the scope of review here is limited to the question of whether the trial court abused its discretion in the action taken. *International Vacuum, Inc. v. Owens* (1982), Ind.App., 439 N.E.2d 188, 190. An abuse of discretion will be found where the trial court's action is contrary to the logic and effect of the facts and circumstances before the court or the reasonable inferences to be drawn therefrom. *Associates Financial Services Co. of Kentucky, Inc. v. Knapp* (1981), Ind.App., 422 N.E.2d 1261, 1263.

The facts and circumstances of this case indicate that the trial court abused its discretion. It is undisputed that the clerk wholly failed to serve a notice of the order book entry (which set forth the potential trial dates) on any of the parties. Further, there is no indication or note in the docket of any such mailing. As noted by the Indiana Supreme Court in *State ex rel. Marich v. Lake Superior Court* (1980), 273 Ind. 590, 407 N.E.2d 233, 234, the clerk of the trial court is under a *duty* pursuant to T.R. 72(D) to send notice of trial court orders to parties, and to memorialize such action on the court's order book or docket. T.R. 72(D) provides in pertinent part:

*Notice of Orders or Judgments.* Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing.

In addition, the facts indicate that shortly after M & J filed its Motion for Trial Setting, someone called the office of its counsel, stated that they were with the court and were calling about scheduling the case for trial, and then set the matter for bench trial on October 11, 1989. The affidavit of counsel states in pertinent part:

That shortly thereafter a call was received by Plaintiff's Attorney's [sic] office proporting [sic] to be from the Madison County Clerks [sic] Office scheduling the above matter to be tried on October 11th and 12th, 1989. At the time the call was received, Plaintiff's [sic] attorney had no reason to feel that the call was not legitimate; subsequent events would give rise to a question as to the authenticity of that call.

We also note that the case was set for trial at the request of M & J, and that it immediately moved to set aside the dismissal upon learning of its entry. The record shows the judgment of dismissal was entered on July 6, 1989, and that M & J filed its Motion to Set Aside Dismissal twelve (12) days later on July 18, 1989. That motion requested the court to exercise its discretion to set aside the dismissal under T.R. 60(B), which states in pertinent part:

*Mistake—Excusable Neglect—Newly Discovered Evidence—Fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

\* \* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

The facts of this case presented the court with the mitigating circumstances necessary to grant equitable relief to M & J. The clerk's failures in this case constitute "mistake" and "excusable neglect" under T.R. 60(B). We agree with the holding of *Allstate Insurance Co. v. Neumann* (1982), Ind.App., 435 N.E.2d 591, 595–596, where Judge Garrard held in part that lack of notice alone was adequate grounds for equitable relief. *See also, First National Bank & Trust Co. v. Coling* (1981), Ind. App., 419 N.E.2d 1326, 1330. Judge Sulli-

van has noted that to hold otherwise would, in essence, require attorneys with litigation pending in many counties to monitor the records of virtually every court in every county almost every day, or risk the imposition of sanctions, default judgment or dismissal. *See, Brendonwood Common v. Kahlenbeck* (1981), Ind.App., 416 N.E.2d 1335, 1338 (Sullivan, J., dissenting), *reh. denied.* Judge Conover has also agreed, in his dissent in *Spence v. Supreme Heating & Air Conditioning Co., Inc.* (1982), Ind. App., 442 N.E.2d 1144, 1146, with "the cogently stated reasons" set forth by Judge Sullivan in *Brendonwood.* We hereby overrule *Spence* to the extent that it conflicts with our holding here as to T.R. 72(D). While attorneys have a general duty to regularly check the court records and monitor the progress of pending cases, *Patton Electric Co., Inc. v. Gilbert* (1984), Ind.App., 459 N.E.2d 1192, 1194, they are entitled to rely upon notification by the clerk pursuant to T.R. 72(D).

Because this case does not present the type of egregious situation that would warrant dismissal, we reverse. The trial court, upon learning of the clerk's various failures and the telephone call in question, should have granted the Motion to Set Aside Dismissal, and reinstated the first choice trial setting of October 11, 1989. The court's failure to do so, or to grant M & J's Motion to Correct Error, was an abuse of its discretion. Reversed.

CONOVER and GARRARD, JJ., concur.