Thomas A. WADDELL, Appellant–Respondent,

v.

Kathleen S. WADDELL, Appellee–Petitioner.

No. 37A03–9110–CV–306.

Court of Appeals of Indiana, Third District.

March 26, 1992.

Rehearing Denied May 8, 1992.

Donald W. Shelmon, Randle & Shelmon, Rensselaer, for appellant-respondent.

James R. Beaver, Halleck & Beaver, P.C., Rensselaer, for appellee-petitioner.

HOFFMAN, Judge.

Appellant-respondent Thomas A. Waddell appeals the trial court's denial of his motion for relief from judgment.

One issue is dispositive of this appeal: whether sufficient grounds existed to set aside the dissolution decree.

On October 17, 1990, petitioner, Kathleen S. Waddell (Kathleen), filed a petition for dissolution of marriage. A summons was issued to respondent, Thomas A. Waddell (Thomas), that same day, and service was acknowledged by Thomas when he signed the summons.

On January 15, 1991, Kathleen moved for a date to be set for final hearing. The court set final hearing for February 1, 1991.

On February 1, 1991, the final hearing was held. Thomas was not in attendance. The trial court issued its dissolution decree on February 14, 1991, dividing the marital estate, awarding child custody to Kathleen, and ordering child support.

An attorney entered an appearance on behalf of Thomas on February 21, 1991, and filed a motion for relief from judgment on February 26, 1991. The motion was filed under Ind.Trial Rule 60(B) asking the court to set aside the final decree on the basis of mistake, surprise, excusable neglect, and fraud. Thomas averred that he had not been notified of the final hearing date. Thomas alleged that he had attempted to obtain information regarding the status of the dissolution proceedings from Kathleen and her attorney; however, neither would release any information.

This Court's review of a trial court's decision on a motion for relief from judgment under T.R. 60(B) is limited to whether the trial court abused its discretion. *Westlake v. Benedict* (1984), Ind. App., 469 N.E.2d 27, 29. If the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the judgment for relief, then an abuse of discretion has occurred. *Id.*

Kathleen argues that notice of the final hearing was not required to be sent to Thomas pursuant to Ind.Trial Rule 5(A). This rule provides that "[n]o service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." The summons received by Thomas specifically required that Thomas enter an appearance in superior court within twenty days. Thomas never entered an appearance. Therefore, he waived his right to receive the notice of the final hearing date.

Furthermore, Thomas has not shown that he was prejudiced by the final decree. He failed to assert a meritorious defense that would have been presented at the final hearing. The respondent in *In re Marriage of Ransom* (1988), Ind., 531 N.E.2d 1171, filed a motion to set aside the judgment under T.R. 60(B) because he did not receive notice of the final hearing date. The court found that petitioner had not made a written motion to continue the final hearing date one day later nor had petitioner contacted the respondent about scheduling the hearing one day later. Respondent and his attorney believed that the hearing had been continued indefinitely. Therefore, excusable neglect was shown. However, the court also required the respondent to show prejudice:

"A party seeking to attack a judgment must allege a meritorious defense to the judgment.... The Court requires a prima facie showing of a meritorious defense in order to promote efficiency. To set aside a judgment without the possibility of a different result would be a 'vain

or useless thing....' [Citations omitted.]"

*Id.* at p. 1173. In *Ransom,* the respondent testified that he had been unable to present his evidence at the final hearing and that the property division was unfair due to the fact that his wife received 85% of the couple's net worth. The court found this to be sufficient prejudice.

However, in this case there is no showing of prejudice warranting a new hearing. Thomas testified that he has been unable to comply with the dissolution decree "as it exists today" due to a change of circumstances. However, this was not the proper forum to show a change in circumstances since the final decree. Thomas had to show he was prejudiced by the entering of the final decree. He had to show that he had a meritorious defense to present at the final hearing. No such showing was made.

Additionally, Thomas has not shown that Kathleen committed fraud or misrepresentation. Thomas alleged in his petition and testified at trial that Kathleen had told him that he would be notified when the hearing was set, when actually she knew of the hearing date but was refusing to tell him. Kathleen testified that she had informally tried to reach a settlement with Thomas prior to January; however, all attempts had failed. She then told him that she was going to pursue what she felt was fair on her own and suggested that Thomas "take care of it on [his] own." Kathleen said she neither told Thomas that she would inform him of a date nor send him any settlement papers first. After Thomas had "screamed and yelled" at her, Kathleen refused to talk to him again and, therefore, did not inform him of a date. Kathleen was still not talking to him when he called in February after the hearing had been held. The trial court listened to all the testimony and was in the best position to determine credibility. *Rudd v. Anderson et al.* (1972), 153 Ind. App. 11, 285 N.E.2d 836. The above-summarized testimony demonstrates that there was a tension and bitterness between the parties; however, this does not equal fraud and misrepresentation. The trial court did not err in not finding fraud and misrepresentation.

Affirmed.

GARRARD and BAKER, JJ., concur.