**Bonnie STEVENS, Appellant–Defendant Below,**

v.

**Michael Brooks BUTLER, Angie L. Butler, Susan M. Thomas, Kris B. Thomas and Indiana Real Estate Commission, Appellees–Co–Defendants/Cross–Claimants Below.**

No. 43A03–9307–CV–237.

Court of Appeals of Indiana, Third District.

Aug. 29, 1994.

Transfer Denied Dec. 20, 1994.

Stephen R. Snyder, Donald K. Broad, Jack C. Birch, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellant.

Paul D. Refior, Refior Law Office, Warsaw, for appellees Michael Brooks Butler, Angie L. Butler, Susan M. Thomas & Kris B. Thomas.

Pamela Carter, Atty. Gen., Linda M. Robb, James F. Schmidt, Deputy Attys. Gen., Indianapolis, for appellee Indiana Real Estate Com'n.

HOFFMAN, Judge.

Appellant-defendant Bonnie Stevens appeals from a denial of her T.R. 60(B)(1) motion for relief from judgment following a grant of summary judgment in favor of appellees-co-defendants/cross-plaintiffs Michael Brooks Butler and Angie L. Butler; Susan B. Thomas and Kris B. Thomas (collectively all of the above appellees are referred to as "purchasers"). Stevens and the Indiana Real Estate Commission ("Commission")[1] also appeal from the trial court's order directing payment from the Indiana Real Estate Recovery Fund (Fund) (IND. CODE § 25–34.1–7, et seq.)

The designated evidentiary matter discloses that Stevens is an Indiana licensed real estate broker. Between August 1991 and December 1991, she represented to the purchasers[2] that she owned and could convey good title to certain parcels of real estate located in the town of Atwood, Kosciusko County, Indiana. Relying upon these representations and her status as a licensed real estate broker, each purchaser entered into contracts to buy property from her. To secure their purchases, earnest money, which was to be applied to the final price at closing, was forwarded to Stevens.

Stevens failed to initiate closing procedures on the real estate. A subsequent investigation revealed that Stevens did not yet have title to the properties. Rather, she was in the process of purchasing them on land contract from others. Upon discovering this, the purchasers requested a refund of their earnest money deposits. Alternatively, they asked for conveyance of good title to the properties. She did not do either.

Based on the above, the purchasers initiated proceedings against Stevens in the Kosciusko Circuit Court. They filed three count

---

1. The original action against Stevens was brought by Joseph Scott and Elsie Swanson on July 3, 1991, on a complaint to foreclose a real estate contract. The Butlers and both Thomases entered into the dispute and filed their cross-claims against Stevens on July 26, 1991, restating allegations contained in previous actions against her filed in April 1991. The above causes were consolidated with another similarly situated co-defendant, Linda Bennett, in August 1991.

2. Although the circumstances surrounding their transactions were nearly identical, the property Stevens offered to the Butlers was not the same as the property offered to either Susan or Kris Thomas. Each transaction occurred separately and independently of the others.

cross-complaints alleging: breach of contract (Count I), fraud (Count II), and conversion (Count III). The purchasers then requested summary judgment on all three counts. At no time did Stevens respond to their motions. At the summary judgment hearing, Stevens conceded liability as to Count I stating, "I have no defense."

At the request of the trial court, the purchasers prepared a proposed order of summary judgment. This order, accepted by the trial court and entered on June 2, 1992, directed summary judgment in favor of the purchasers on all three counts as set forth in the cross-complaints. Stevens did not seek either a motion to correct error or direct appeal from this order.

In July 1992, after obtaining judgment against Stevens, the purchasers notified the Commission, by letter, of their intention to seek recovery under the Fund. In September 1992, the purchasers then filed with the trial court verified applications for an order directing payment from the Fund.

On October 5, 1992, the Commission answered and objected to payment alleging the purchasers' failure to timely notify it, pursuant to IND. CODE § 25–34.1–7–7 (1988 Ed.), of their pending actions against Stevens. On November 5, 1992, the court granted the purchasers' motions and ordered payment from the Fund.

On November 13, 1992, Stevens filed a T.R. 60(B)(1) motion for relief from the judgment. Along with this motion, Stevens filed a motion to reconsider the order of payment. Both motions were denied. This appeal ensued.

Stevens raises two issues on appeal. As restated, they are:

(1) whether the trial court abused its discretion in failing to grant Stevens' T.R. 60(B)(1) motion; and

(2) whether the trial court erred in granting the purchasers' motions for recovery from the Fund.

On appeal, the Commission argues its position as to issue (2) only.

▮ Stevens contends the trial court erred in failing to grant her T.R. 60(B)(1) motion for relief from judgment. Our review of this matter is limited to whether the trial court abused its discretion. *Waddell v. Waddell* (1992), Ind.App., 588 N.E.2d 601, 602. An abuse of discretion has occurred if the trial court's ruling on Stevens' T.R. 60(B)(1) motion is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

▮ T.R. 60(B) provides that relief from judgment may be granted for "(1) mistake, surprise, or excusable neglect." T.R. 60(B)(1). To succeed on her claim, Stevens must successfully show not only that one of the above elements exists in the entry of summary judgment, but that a meritorious defense to the judgment exists as well. *Waddell*, 588 N.E.2d at 602. A meritorious defense is one that would lead to a different result if the case were tried on the merits. *State, DNR v. Van Keppel* (1991), Ind.App., 583 N.E.2d 161, 162.

In her motion, Stevens alleged the form summary judgment submitted by the purchasers improperly included findings as to fraud, conversion and treble damages which were not reflective of the trial court's verbal order. According to her, the trial court had orally ordered summary judgment on the breach of contract claim (Count I) only, but denied summary judgment as to the fraud (Count II) and conversion (Count III) claims. As her meritorious defense, Stevens argued the designated evidentiary matter did not support either a finding of fraud or conversion as a matter of law.

The trial court accepted Stevens' proposition that a mistake had occurred and that summary judgment was not warranted on either the fraud or conversion claims. Nonetheless, her motion was denied. Relying upon Ind. Trial Rule 56 subsections (C) and (H), the trial court found Stevens was not entitled to relief due to her failure to designate an issue of material fact in a timely manner, that is, in a response to the purchasers' motions.

For purposes of our review, we will assume, as the trial court did, a mistake was made in the entry of judgment. Thus, Stevens' need only establish a meritorious defense to the judgment.

Our standard of review for summary judgment is the same as the trial court. Summary judgment will be granted only when the expressly designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C) provides in pertinent part:

> "*At the time of filing the motion or response,* a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. *A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto...*" (Emphasis added.)

T.R. 56(C). Subsection (H) further provides: "No judgment rendered on this motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court."

T.R. 56(H).

The initial burden is on the party seeking summary judgment to show the propriety of granting the motion. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101. Thus, relying on specifically designated evidence, the purchasers, as the moving parties, must make a *prima facie* showing: (1) there are no issues of material fact, and (2) they are entitled to judgment as a matter of law. *Id.* Only when these two requirements are met does the burden then shift to Stevens, the non-moving party, who must point to specifically designated evidentiary matter to establish an issue of material fact. *Id.*

The essential elements of actual fraud are: (1) a material representation of past or existing fact which (2) is made with knowledge or reckless ignorance of its falsity (3) which causes reliance to the detriment of the person relying upon it. *Ryan v. Chayes Virginia, Inc.* (1990), Ind.App., 553 N.E.2d 1237, 1239, *trans. denied.* Stevens made

claims, relied upon by the purchasers, that she could convey good title to the properties upon closing. As the purchasers note, such closings never occurred. However, we agree with Stevens that although not yet title owner, because she was purchasing the properties on land contract, she had an equitable interest in the property. *See Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641, 646 (equitable title vests in vendee at the time land sale contract is consummated although legal title does not vest until satisfaction of contract terms). Therefore, it is possible that at the time the representations were made, she could have potentially conveyed good title, as promised, upon closing. The designated evidentiary matter does not support a finding of fraud as a matter of law. Additional factual inquiry is necessary on this issue. *See Holtzclaw v. Bankers Mut. Ins. Co.* (1983), Ind.App., 448 N.E.2d 55, 58. (whether a material misrepresentation was made is generally a matter for the trier of fact unless reasonable minds can reach only one conclusion).

Stevens also disputes the entry of summary judgment as to the claims of conversion. To constitute the tort of conversion, there must be an appropriation of the personal property of another. *National Fleet Supply, Inc. v. Fairchild* (1983), Ind.App., 450 N.E.2d 1015, 1019. Although money may be the subject of an action for conversion, it must be capable of being identified as a special chattel. *Kopis v. Savage* (1986), Ind.App., 498 N.E.2d 1266, 1270. The money must be a determinate sum with which the defendant was entrusted to apply to a certain purpose. *Id.*

In *Kopis,* the appellant, Kopis, received a $40,000.00 deposit towards the purchase of certain property. The parties neither agreed to set up an escrow account nor to deliver the money to a third party for safekeeping. Kopis commingled the deposit with other unrelated accounts and refused to refund the money when the real estate deal collapsed.

In reversing the trial court's finding that Kopis committed criminal conversion, this Court held the commingled funds had ceased to be a separate, specifically identifiable chattel and plaintiffs no longer had a property

interest in those specific funds. The *Kopis* Court rejected plaintiffs' contention that the words "the full amount will be refunded" upon failure to obtain financing, established continued ownership of the money. Without a more specific identification of the funds to be returned and without a clearer statement of the parties' intention that the funds be separated in some manner, the defendants' refusal to return the deposit was a failure to pay a debt which generally does not support a finding of conversion. *See National Fleet Supply, Inc. v. Fairchild* (1983), Ind.App., 450 N.E.2d 1015, 1019 (no action for conversion will lie where there is simply the refusal to pay a debt).

■ As in *Kopis,* the designated evidentiary matter does not disclose the funds were to be placed in an escrow account, were to be forwarded to a third party for safekeeping, or that a possessory interest in those specific funds would be maintained by the purchasers. To the contrary, like in *Kopis,* the funds forwarded to Stevens were in the nature of earnest money deposits which were to be applied to the final purchase price, with the balance due at delivery of the respective warranty deeds. Consequently, as in *Kopis,* Stevens' refusal to refund the purchasers' deposits amount to a refusal to pay her debts. However, her actions do not support a claim for conversion as a matter of law.

■ The trial court correctly found that summary judgment was not appropriate as to the fraud and conversion claims. However, since the purchasers failed to meet their initial burden as is required under T.R. 56(C), the burden did not shift to Stevens to designate an issue of material fact. Summary judgment being inappropriate, Stevens established a meritorious defense. Consequently, the trial court abused its discretion in denying her T.R. 60(B)(1) motion based solely on her failure to designate an issue of material fact. *See* T.R. 56(C) ("[s]ummary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence ..."; rather, "the court shall make its determination from the evidentiary matter designated to the court").

■ Next, relying upon the notice provision set forth in IND. CODE § 25–34.1–7–7, Stevens and the Commission argue the trial court erred in directing payment from the Fund. IND.CODE § 25–34.1–7–7, reads in pertinent part, "When any *person commences an action for a judgment that may result in an order for payment from the fund,* the person *shall* notify the commission in writing of the *commencement of the action.*" (Emphasis added.)

As the purchasers correctly note, the Fund provisions speak of two separate actions: the underlying action addressing the wrongful acts of the licensee, and the action seeking an order directing payment from the Fund. The purchasers interpret the above language to require notice at the commencement of the action seeking an order of payment. The Commission and Stevens construe the same language to require notice of the commencement of the underlying claim, i.e., the action for fraud and conversion.

Within the provisions of the Fund, the underlying action is referred to as "final judgment," or "judgment." *See e.g.* IND. CODE § 25–34.1–7–4 (1988 Ed.). The second action is consistently termed "the action to recover from the real estate recovery fund," IND. CODE § 25–34.1–7–7, or in other instances, the filing of a verified application "for an order directing payment from (out of) the ... fund." *See* IND. CODE § 25–34.1–7–4(a); IND. CODE § 25–34.1–7–8 (1988 Ed.). Therefore, the interpretation of Stevens and the Commission is the correct one. Although the purchasers notified the Commission before they commenced the action seeking payment from the Fund, notice was untimely under IND. CODE § 25–34.1–7–7 as it was done only after obtaining summary judgment in the underlying action.

■ The Commission goes on to argue that failure to comply with IND. CODE § 25–34.1–7–7 acts as a complete bar to recovery from the Fund. However, unlike notice provisions found in statutes such as the Indiana Tort Claims Act, IND. CODE § 34–4–16.5–6 (claim against state is completely barred unless notice is filed with state agency within 180 days of loss) (1993 Ed.), IND. CODE § 25–34.1–7–7 does not expressly pro-

vide for specific time limits on the filing of notice. Phrased broadly in its terms, the notice provision appears to serve more as a safeguard intended to assist the Commission in the effective administration of the Fund.[3]

Similar in many respects to a private insurance policy, the Fund acts as a form of public insurance providing monetary compensation for those who are harmed by the wrongful acts of Indiana licensed real estate brokers. The Commission, as insurer, is bound by the result of the underlying action against one of its licensees. Thus, like a private insurer, it is intimately concerned with the same events and issues resulting in liability to a licensee and ultimately a claim against itself. *See Vernon Fire and Casualty Insurance Co. v. Matney* (1976), 170 Ind. App. 45, 51, 351 N.E.2d 60, 64–65. (uninsured motorist insurance carrier bound by judgment against its insured must be notified of pending actions against insured so it may intervene to protect its interests, to raise any available defenses, and to have all issues litigated in one trial).

As in the context of private insurance litigation, adequate forewarning in the form of notice of the underlying claim, allows the Commission time to conduct an independent investigation into the allegations against its licensee, to intervene in the underlying action to protect its rights.[4] Moreover, it assists in the Commission's management of its funds by ensuring knowledge well in advance of the number of potential claims against the Fund and the amounts which it may be potentially required to disburse. Thus, contrary to the Commission's contention, lack of notice under IND. CODE § 25–34.1–7–7 does not act as a complete bar to recovery.

The trial court erred in denying Stevens' T.R. 60(B)(1) motion and in ordering payment from the Fund. Therefore, the entry of summary judgment is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

STATON, J., concurs.

CHEZEM, J., dissents with opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. Because Stevens did not file a motion to correct errors under Indiana Trial Rule 59 or a praecipe under Appellate Rule 2(A) within thirty (30) days of the date the trial court entered summary judgment, she forfeited her right to appeal. Specifically, the trial court entered summary judgment on June 2, 1992, but Stevens did not file a motion for relief from judgment until five months later, on November 13, 1992. The appeal should be dismissed for lack of jurisdiction. *CNA Insurance Companies v. Vellucci* (1992), Ind.App., 596 N.E.2d 926, 928.

---

**3.** *See* also IND. CODE § 25–34.1–7–4(a) (setting limits of $20,000.00 per judgment and an aggregate lifetime limit of $50,000.00 as to any one licensee); IND. CODE § 25–34.1–7–5(b) (1988 Ed.) (allowing the court to join in one action all claimants against one licensee); and IND. CODE § 25–34.1–7–8 (court may direct payment out of Fund only if it finds no collusion existed between licensee and claimant, the application was made within one year of termination of all proceedings, no property to satisfy claim is available, wrongful acts were due to actions of licensee, and claimant has diligently pursued all remedies against licensee).

**4.** Although IND. CODE § 25–34.1–7–8 provides that "the commission *shall* be made a party defendant" to the action for an order of payment, nothing in the act expressly bars the Commission from also intervening in the underlying action, if it elects to do so. (Emphasis added.)