**In re the Marriage of Michelle MINNICK, Appellant–Respondent,**

v.

**David C. MINNICK, Appellee–Petitioner,**

**In the Matter of the GUARDIANSHIP OF Heidi R. STINEMETZ and Mindi R. Minnick, Minors,**

**George and Judy Stinemetz, Appellees–Guardians,**

**and**

**Michelle R. Minnick, Appellant–Respondent.**

No. 66A03–9510–CV–330.

Court of Appeals of Indiana.

April 26, 1996.

Lizbeth W. Pease, Steven A. Dodge & Associate, Knox, for Appellant.

Steven M. Bush, Millbranth and Bush, Valparaiso, for Appellee.

## OPINION

HOFFMAN, Judge.

Michelle appeals the trial court's denial of her motion to rescind an order of the court which was entered in her absence. Michelle contends that she did not receive notice that a hearing had been set. The facts relevant to the appeal are recited below.

Michelle's marriage to David was dissolved in December 1987. The parties are the natural parents of Mindi R. Minnick. Michelle has another child, Heidi Stinemetz. In January 1993 Michelle's parents, the Stinemetzes, were granted temporary guardianship of the children.

In March 1993, David petitioned for custody of Mindi due to Michelle's hospitalization. The guardianship and custody proceedings were consolidated. In October 1994, Mindi began living with David.

On May 11, 1995, a hearing was held on the Stinemetzes' petition to terminate the guardianship and for determination of custody as to Mindi. The Stinemetzes, together with counsel, and David, together with counsel, appeared at the hearing in person. Neither Michelle nor her attorney appeared. The trial court terminated the guardianship and awarded custody of Mindi to David. Michelle was granted visitation and was ordered to pay support.

Subsequently, Michelle filed a motion to rescind the court's order based upon her alleged lack of notice of the proceedings. The trial court denied the motion. This appeal ensued.

As restated, Michelle presents one issue for review: whether the trial court abused its discretion in failing to grant relief from the order due to mistake or excusable neglect pursuant to the provisions of Ind.Trial Rule 60(B) and Ind.Trial Rule 72(E).

■ A motion for relief from a judgment under T.R. 60(B) is addressed to the equitable discretion of the trial court. Accordingly, the denial of a T.R. 60(B) motion will be reversed only for an abuse of discretion; that is, the trial court's decision is clearly against the logic and effect of the facts and inferences supporting the request for relief. The movant must affirmatively demonstrate that relief is necessary and just. Additionally, Indiana requires a party seeking to set aside a judgment to make a prima facie showing of a good and meritorious defense such that if the case was retried on the merits a different result would be reached. *Langdon v. Langdon*, 641 N.E.2d 673, 674 (Ind.Ct.App.1994).

■ In pertinent part, T.R. 72(E) states: "the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel." *Cf. Markle v. Indiana State Teachers Ass'n*, 514 N.E.2d 612, 613 (Ind.1987). A challenge to the mailing of notice is precluded when the docket clearly states that notice was mailed. *See id.* at 614. Michelle complains that the entry of notice was not noted on the Chronological Case Summary (CCS) when a representative of her counsel's office copied the court entries. Michelle suggests some impropriety. This Court will not engage in speculation. The official record contains the court's entry for April 7, 1995. The entry recites that the May 11, 1995 hearing is set and states: "(copy to Bush, Murphy and Starkes)."

■ Moreover, Michelle's challenge would fail inasmuch as she did not meet the second prong of T.R. 60(B) requiring a showing that she has a meritorious defense to the judgment. Michelle contends that had she received notice of the hearing, she could have developed evidence to demonstrate that, in the best interest of Mindi, custody should have been awarded to Michelle. Further, Michelle complains that she suffered prejudice due to her inability to present evidence. Neither contention rises to the level of a meritorious defense. The rule requires something more than allegations of the possibility of evidence and prejudice.

The trial court's judgment denying relief is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with separate opinion.

STATON, Judge, dissenting.

I dissent. I disagree with the majority's decision to affirm the trial court's denial of Michelle's motion for a new hearing when neither Michelle nor her counsel received notice of the custody determination hearing. The record reveals overwhelming evidence that the trial court abused its discretion when it refused to rescind its order and reset a hearing. The majority's conclusion otherwise is erroneous.

The clerk of the court failed to send notice of the hearing as required by Ind.Trial Rule 72(D). T.R. 72(D) provides that upon the entry of a ruling upon a motion, an order, or judgment, the clerk shall serve a copy of the entry by mail upon each party and shall make a record of such mailing. The majority fails to note that there is a factual dispute as to whether the chronological case summary (CCS) contained evidence that notice was sent to Michelle's counsel.

With her motion to rescind, Michelle presented a copy of the dissolution CCS and the guardianship CCS, both of which failed to state that counsel of record received notice of the hearing.[1] Record at 194–95. According to an affidavit, also presented with Michelle's motion, the receptionist from Michelle's at-

---

1. The dissolution CCS specifically stated:

    4–7–95 PC Motion to Set hearing granted. Hearing on all pending matters now set for the May 11, 1995, at 01:30 P.M. E.S.T. to be held in Marshall County.

    Record at 3 and 194.

    The guardianship CCS specifically stated:

    4–7–95 PC Motion to Set hearing granted. Hearing on all pending matters now set for the 11th day of May, 1995 at 01:30 P.M., E.S.T., to be held in Marshall County.

    Record at 195.

torney's office obtained those copies from the court clerk's office on May 15, 1995, just two business days after the hearing. However, on May 18, 1995, Michelle's attorney received another copy of each CCS. The guardianship CCS now had the notation "copy to Bush, Murphy, and Starkes" after the entry setting the May 11, 1995 hearing. A careful review of the record reveals no such notation ever appeared on the second copy of the dissolution CCS.

While attorneys have a general duty to regularly check the court records and monitor the progress of pending cases, they are entitled to rely upon notification by the clerk pursuant to T.R. 72(D). *Slay v. Marion County Sheriff's Dept.*, 603 N.E.2d 877, 883 (Ind.Ct.App.1992), *trans. denied; M & J Services, Inc. v. VMK, Inc.*, 561 N.E.2d 827, 830 (Ind.Ct.App.1990). When Michelle and her attorney failed to appear at the hearing, the trial court attempted to contact Michelle's attorney, Dale Starkes, by telephone and spoke with a paralegal in the attorney's office. The paralegal's affidavit indicates that she stated that Starkes was out of town at a deposition in an unrelated case, and that they had made a thorough search of the file and office to attempt to find some notice regarding the hearing. However, they turned up nothing and no one in Starkes' office had knowledge of the hearing. Record at 189–91. She then requested a continuance, which the trial court denied.[2] On May 18, 1995, the trial court issued its order in which it found that Michelle failed to appear at the hearing "after receiving notice from counsel of the time and date of the hearing." Record at 178. The trial court's conclusion that Michelle had notice is clearly erroneous and is against the logic of the facts and circumstances before the trial court. *See Stevens v. Butler*, 639 N.E.2d 662, 665 (Ind.Ct.App. 1994), *trans. denied.*

The evidence presented by Michelle overwhelmingly supports the conclusion that she did not receive notice of the hearing. This court need not engage in speculation to reverse the trial court's order as the facts clearly indicate that Michelle had no notice. When a CCS is clear on its face that notice was mailed, a challenge to the mailing is precluded. *Markle v. Indiana State Teachers Ass'n*, 514 N.E.2d 612, 614 (Ind.1987), *reh. denied.* However, when the CCS is unclear and no other written evidence of the mailing exists, it is proper for the trial court to entertain a motion based on that premise. *Id.* Here, the CCS submitted by Michelle with her motion clearly contains *no* specific reference to notice having been sent. Moreover, there is no other written evidence to support the trial court's conclusion that Michelle failed to appear after receiving notice from her attorney. In similar cases, this court has granted relief where the court clerk failed to send notice to counsel of record. *See Slay, supra,* at 883 (appellate court had jurisdiction where is was undisputed that the clerk failed to send copies of the trial court's ruling to counsel of record); *M & J Services, supra,* at 829 (trial court abused its discretion in refusing to set aside dismissal against plaintiff where it was undisputed that the court clerk wholly failed to service notice of trial dates). Thus, the trial court abused its discretion in finding that Michelle received notice pursuant to T.R. 72(D).

Because the trial court erred in determining that Michelle received notice, the next step is to determine whether the lack of notice relieves her from judgment under T.R. 60(B). T.R. 60(B)(1) provides that relief from judgment may be granted for "mistake, surprise, or excusable neglect." The Indiana Supreme Court has held that the absence of a party's attorney through no fault of the party and lack of notice because of faulty process constitutes excusable neglect within the meaning of T.R. 60(B)(1). *In re Marriage of Ransom*, 531 N.E.2d 1171, 1173 (Ind. 1988). · Here, as noted above, Michelle has presented overwhelming evidence that her attorney did not receive notice. Under these facts, the absence of Michelle and her attorney from the custody determination hearing constitutes excusable neglect.

---

**2.** Because Starkes was in another county for a deposition in an unrelated case, the paralegal was unable to contact Starkes so that he could speak with the trial court judge directly. Record at 189.

Moreover, Michelle has met the second prong of T.R. 60(B) which requires that she allege a meritorious defense. In her motion to rescind the order, she alleges that because she lacked notice of the hearing, she did not have a fair opportunity to present evidence regarding which parent should have custody of her daughter. A review of the record reveals that Michelle has been very involved with her child's life. She had custody of the child under the original dissolution decree. Thereafter, Michelle's parents were granted custody of the child because Michelle was hospitalized in an emotional care center. Pursuant to the stipulated guardianship agreement, Michelle was granted visitation with her daughter. The child also lived with Michelle between August 1994 and October 1994. Record at 93–96, 293–94. Thus, Michelle should have been afforded the opportunity to present evidence regarding custody of her daughter.

Furthermore, not only did the trial court award permanent custody of the child as a result of the hearing, but it also ordered that Michelle pay child support of $67.00 per week. This determination was based upon David's testimony regarding Michelle's income and a child support obligation worksheet completed and submitted by David. At the hearing, David's testimony regarding Michelle's income shows that he was "[n]ot positive, but [his] guess would be $8.50 an hour." Record at 300. These facts establish sufficient prejudice to entitle Michelle to her day in court. *See Ransom, supra.*

This court prefers to decide cases on their merits and to give litigants their day in court. *Oler v. Supervised Estate of Huckleberry,* 504 N.E.2d 349, 352 (Ind.Ct.App.1987), *trans. denied* (citations omitted). The trial court has a duty to enter a custody order in accordance with the best interests of the child. IND.CODE § 31–1–11.5–21 (Supp.1995). In determining the best interests of the child, the trial court erred in not allowing Michelle the opportunity to present evidence, especially when she presented overwhelming evidence that neither she nor her attorney had notice. This case does not present the type of egregious situation that warrants having a custody determination hearing without the mother of the child present. *See M & J Services, supra,* at 830. The trial court clearly abused its discretion. Therefore, the trial court's order should be reversed and the cause remanded to the trial court for a new custody determination hearing.