Matthew K. TAM, Appellant–Defendant,

v.

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee– Plaintiff.

### No. 79A05–9610–CV–406.

Court of Appeals of Indiana.

Oct. 14, 1997.

---

Matthew K. Tam, Pendleton, Pro Se.

Thomas H. Busch,. Hoffman, Luhman & Busch, Lafayette, for Appellee–Plaintiff.

## OPINION

BARTEAU, Judge.

Matthew K. Tam appeals a civil judgment for money damages rendered against him and two co-defendants after a hearing at which he was not present. He raises two issues, but we address only the following dispositive question:

> Whether the trial court properly entered judgment against the defendant in the defendant's absence when the trial record provides no evidence that the defendant was notified of his trial date?

We reverse.

### FACTS

On November 17,· 1995, the State Farm Mutual Automobile Insurance Company (State Farm) amended a civil lawsuit it had previously filed, and added Matthew Tam as a defendant. Tam, who was incarcerated, entered his appearance *pro se* and filed a Motion to Dismiss. A hearing on the motion was· scheduled for February 5, 1996. Tam was notified of that hearing. On that date, his motion was denied, and a status conference was scheduled for February 27, 1996. Tam was notified of the status conference. On February 27, the cause was assigned for trial on May 16, 1996.

The record does not indicate that Tam was notified of the trial date. The trial court documents scheduling the Motion to Dismiss hearing and the status conference both include a notation that a copy of the notice was sent to Tam, acting *pro se*, as well as to counsel. However, the document setting the trial date includes only the notation "Copy to counsel." R. at 26. It also indicates Tam, still acting *pro se* and still incarcerated, was not present at the status conference, as it reads: "Comes now the parties *each by counsel* and by agreement this cause is assigned for bench trial on Thursday, May 16, 1996 . . ." (emphasis supplied). Further, at the bottom of the same document, following the notation "CC:" and the names of two

attorneys and a co-defendant, Tam's name appears, but with a line marked through it. The line begins immediately to the left of Tam's first name, runs directly through his first and last name and Department of Correction number, and ends immediately to the right of the number.[1]

Similarly, the trial court's chronological case summary (CCS) includes notations indicating Tam was notified of the hearing on his Motion to Dismiss ("Copy to counsel, Matthew D. Tam"), R. at 36, and was notified of the status conference ("Copy to counsel and unrepresented parties"), R. at 36. By contrast, the CCS notation concerning the scheduling of the trial states only "Copy to counsel." R. at 36.

On June 6, 1996, the trial court entered judgment in favor of State Farm and against Tam and his two co-defendants, jointly and severally, in the amount of $5306.38; for attorney fees, also in the amount of $5306.38; and for $100 in court costs. The order indicates the court heard evidence from two witnesses; however, the trial record provided to Tam in response to his praecipe includes no transcript or other record of that hearing.

### DISCUSSION

■ Where a defendant has entered an appearance, he or she is entitled to be notified in person or through counsel of any hearing where evidence will be taken on the merits of the case. *Hawkins v. Aldridge,* 211 Ind. 332, 340, 7 N.E.2d 34, 37 (1937). It is the duty of the trial court clerk to send notice of trial court orders to parties and to memorialize such actions on the court's order book or docket. *M & J Servs., Inc. v. VMK, Inc.,* 561 N.E.2d 827, 829 (Ind.Ct.App.1990). In *M & J Services,* the trial court set the

matter for trial on plaintiff's motion, but the clerk did not serve notice of the order book entry setting the trial date upon any of the parties by mail, and there was no indication in the record or docket of any such mailing. The matter proceeded to trial, the plaintiff did not appear, and its complaint was dismissed with prejudice for want of prosecution. We found that the clerk's failure to notify the parties amounted to "mistake" or "excusable neglect" which was a sufficient ground for plaintiff's motion to set aside the dismissal under Ind. Trial Rule 60(B). *Id.* at 829.

■ We recognize our longstanding rule that attorneys have a general duty to regularly check court records and monitor the progress of their pending cases, *id.* at 830. But a *pro se* litigant who is incarcerated cannot so diligently monitor the court's activities, and we will not impose that duty to the same extent upon such litigants in civil actions as we do upon attorneys. Furthermore, *pro se* litigants, no less than attorneys, are entitled to rely on proper notification by the court clerk.

■ The State Farm brief directs us to no evidence that Tam was notified of his trial date,[2] nor does our own search of the record reveal any. On the other hand, the record provides ample evidence that he was not notified. Because Tam was not properly notified, it was error for the trial court to enter judgment against him.

■ Although Tam is the only party who was insufficiently notified, we must reverse the trial court's judgment against Tam's co-defendants as well. The trial court found the three co-defendants were engaged in a joint adventure, and it entered judgment against

---

1. State Farm suggests the line, which appears to be a pen or pencil mark, "might indicate nothing more than a slip of the hand." Brief of Appellee at 3.

2. State Farm does not argue that Tam was properly notified of his trial date. Instead, it seems to be arguing, in part, that Tam has waived the issues he raised because he has provided us with an inadequate record.

   Tam's praecipe requested "the entire Record in this cause, including transcripts of all hearings conducted...." R at 1. As indicated above, the

record provided to Tam in response to his praecipe includes no transcript of the hearing where Tam was found liable, but of which he was not notified and which he did not attend. It is true that an appellant has a duty to provide us with a record sufficient to allow us to consider his claimed errors. *See Posey v. State,* 622 N.E.2d 1032, 1034 (Ind.Ct.App.1993). Tam's assertion of error arises from his lack of notice of the hearing, and not from what might have been said at the hearing. The record is sufficient to allow us to consider Tam's allegation of error.

the co-defendants jointly and severally. The trial judgment is indivisible, since we cannot determine what portion of the judgment was premised upon Tam's acts. So, we must reverse for a new trial. *See Hamlin v. Sourwine,* 666 N.E.2d 404, 410 (Ind.Ct.App.1996) (reversing judgment against joint tortfeasors when the judgment did not apportion fault, and where only one of the joint tortfeasors was improperly denied a jury trial).

Reversed.

SHARPNACK, C.J., and BAKER, J., concur.