# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**R. BRIAN WOODWARD**
Woodward & Blaskovich, LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS L. KIRSCH**
Thomas L. Kirsch & Associates, P.C.
Munster, Indiana

FILED
Jul 09 2014, 10:29 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SALVINO VERTA, et al, | ) | |
| | ) | |
| Appellants-Respondent, | ) | |
| | ) | |
| vs. | ) | No.  45A03-1309-PL-387 |
| | ) | |
| SALVINO PUCCI, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Gerald N. Svetanoff, Judge
Cause No. 45D04-1201-PL-003

**July 9, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Salvino Verta ("Verta") and Salvino Verta d/b/a Jason's Sports Bar & Grill ("Jason's Bar"), appeals the trial court's order denying Verta's combined motion to reconsider/motion to correct error/motion for relief from judgment, in which he challenged the trial court's order that required him to pay $11,400.00 in damages to Appellee-Plaintiff, Salvino Pucci ("Pucci") based on his argument that he had not received notice of two of the trial court's orders relating to the damages hearing and award.

We reverse and remand.

## ISSUE

Whether the trial court abused its discretion by denying Verta's motion challenging the damages award order.

## FACTS[1]

On January 12, 2012, Pucci filed a complaint against Verta and Jason's Bar, seeking replevin and alleging a breach of contract (specifically, a partnership agreement), and a claim for wages. Thereafter, Jason's Bar filed a counterclaim, alleging that Pucci had breached the partnership agreement and had exerted unauthorized control over property of Jason's Bar. The parties later entered into an agreement on part of Pucci's replevin claim.

---

[1] We note that Pucci's Statement of Facts contains argument and is not supported by page references to the Appendix or record on appeal. Accordingly, we direct Pucci's counsel's attention to Indiana Appellate Rule 46.

2

On November 21, 2012, the trial court held a bench trial on the remaining claims. On January 11, 2013, the trial court entered an order ("January 2013 Order") on Pucci's complaint and Jason's Bar's counterclaim. Specifically, the trial court entered judgment: (1) for Pucci on his replevin claim—only in regard to the return of a pizza oven—and ordered Verta to return the pizza oven to Pucci within thirty days of the date of the order or face an "assessment of damages" of $100.00 per day for each day over those thirty days; (2) for Verta and Jason's Bar and against Pucci on Pucci's breach of contract claim; (3) for Verta and Jason's Bar on Pucci's wage claim; and (4) for Pucci and against Jason's Bar on both counts in Jason's Bar's counterclaim. The chronological case summary ("CCS") reveals that this January 2013 Order was placed in the record and judgment order book ("RJO") and was an "OPF" or order per form,[2] but the CCS contains no notation showing that this order was sent to the parties. (App. 3). Specifically, the CCS entry provided:

```
01/11/13 The Court finds as follows:  1.  For the
         pltf and against the defts on Count I of
         the Pltf's Complaint as to the pizza oven,
         only.  2.  For the defts on Count II of
         the Pltf's Complaint.  3.  For the defts
         on Count III of the Pltf's Complaint.  4.
         For the counter-deft and against the
         counter-plaintiff on Count I and Count II
         of the counter-pltf's counterclaim.  OPF.
         RJO.
```

(App. 3).

---

[2] *See Woodley v. Fields*, 819 N.E.2d 123, 129 n. 12 (Ind. Ct. App. 2004) (explaining that "OPF" means "order per form"), *vacated sub nom.*, *Allstate Ins. Co. v. Fields*, 842 N.E.2d 804 (Ind. 2006).

On April 12, 2013, Pucci filed a Motion to Enforce and for Entry of Monetary Judgment ("enforcement motion"), in which Pucci stated that Verta had failed to comply with the trial court's January 2013 Order to return the pizza oven and sought to have the trial court enter a monetary judgment for the $100.00 per day late damages. Pucci also asked the trial court to issue "a rule to show cause against [Verta] why he should not be held in contempt of court for his willful refusal to comply with the Court's [January 2013] Order for return of the pizza oven to [Pucci.]" (App. 20). Pucci sent a copy of his enforcement motion and a copy of a proposed order to Verta.

On April 15, 2013, the trial court set a hearing for Pucci's enforcement motion to be held on June 11, 2013 ("April 2013 Scheduling Order"). The CCS reveals that this April 2013 Scheduling Order was placed in the RJO and was an "OPF" but contains no indication that this order was sent to the parties. (App. 3). Specifically, the CCS entry provided:

```
04/15/13  This cause of action is hereby set for
          hearing on the 11th day of June, 2013, at
          1:30 P.M. OPF. RJO.
```

(App. 3).

On June 11, 2013, the trial court held a hearing on Pucci's enforcement motion. Neither Verta nor his counsel appeared at the hearing. The transcript of this hearing reveals that the trial court noted that Pucci and his attorney were present, but the trial court made no mention of Verta's or his counsel's absence or whether the trial court had attempted to contact them. During the hearing, Pucci informed the trial court that Verta

4

had returned the pizza oven on June 4, 2013, and he sought to have the trial court enter a judgment against Verta in the amount of $11,400.00 for Verta's 114-day delay in returning the pizza oven. That same day, the trial court entered an order ("June 2013 Order") granting Pucci's motion and ordering Verta to pay $11,400.00 "plus statutory interest" from the date of the order. (App. 10).

On June 20, 2013, Verta filed a combined "Motion to Reconsider, Motion to Correct Error, and Motion for Relief from Judgment Pursuant to Trial Rule 60(B)" ("motion to correct error"), seeking relief from the trial court's June 2013 Order. (App. 16-18). In his motion, Verta alleged that he had never received the trial court's January 2013 Order or April 2013 Scheduling Order.[3] Verta also asserted that had he received these orders, he would have "complied in all respects and appeared before the Court[.]" (App. 17). Verta argued that his failure to receive these orders constituted "just cause under Trial Rules 59 and 60 for relief from the Court's present judgment[,]" and he requested that the trial court reconsider its judgment and hold a hearing so that Verta could have the "opportunity . . . to appear and present evidence concerning [the trial court's] failure of notice." (App. 17). Thereafter, Pucci filed a response to Verta's motion. On August 8, 2013, without holding a hearing, the trial court denied Verta's motion to correct error. Verta now appeals.

---

[3] In his motion, Verta stated that he became aware of the January 2013 Order on April 10, 2013 when he received correspondence from Pucci's counsel regarding Pucci's enforcement motion.

<u>DECISION</u>

Verta argues that the trial court abused its discretion by denying his motion challenging the trial court's June 2013 Order. Before addressing Verta's argument, we note that this appeal does not involve a challenge to the trial court's January 2013 Order that entered judgment for Pucci and ordered Verta to return the pizza oven.[4] Instead, the scope of our review is limited to whether the trial court abused its discretion by denying Verta's motion challenging the June 2013 Order.

Here, the trial court issued its June 2013 Order on June 11, 2013, and nine days later, Verta filed his combined motion to reconsider/motion to correct error/motion for relief from judgment challenging that order. In his motion, Verta sought relief from the trial court's June 2013 Order based on the trial court's clerk's failure to provide notice—required under Trial Rule 72—of the hearing on Pucci's enforcement motion as well as the order that specified the time limit to return the pizza oven. Although Verta's argument on appeal focuses on his request for relief from judgment under Trial Rule 60(B), we will review his challenge to the June 2013 Order as a denial of his motion to correct error given the procedural posture of this case.[5]

---

[4] Indeed, Verta asserts that even if he would have received the January 2013 Order, he would not have appealed it; instead, he would have complied with the order to return the pizza oven within thirty days, thus avoiding any penalty fee.

[5] Even if we were to decide this case as a denial of a motion for relief from judgment under Trial Rule 60(B), we note that standard of review is the same as a motion to correct error (i.e., for an abuse of discretion) and that we would still reverse the trial court's denial of Verta's motion under that analysis as Verta has shown excusable neglect and a meritorious defense. *See In re Sale of Real Prop. with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1069-70 (Ind. Ct. App. 2005) (explaining that the standard of review on appeal is the same regardless of whether our Court treated a party's motion as a motion to correct error or a motion for relief under Trial Rule 60(B)), *reh'g denied*, *trans. denied*; *M*

6

We review a trial court's ruling on a motion to correct error for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. "An abuse of discretion will be found where the trial court's action is contrary to the logic and effect of the facts and circumstances before the court or the reasonable inferences to be drawn therefrom." *M & J Servs., Inc. v. VMK, Inc.*, 561 N.E.2d 827, 829 (Ind. Ct. App. 1990).

Verta's motion challenging the trial court's June 2013 Order was based on Indiana Trial Rule 72 and his lack of notice of the April 2013 Scheduling Order and the January 2013 Order. Trial Rule 72(D) imposes two duties on clerks of courts: (1) "[i]mmediately upon the notation in the [CCS] of a ruling upon a motion, an order or judgment[,]" the clerk must "serve a copy of the entry" to each of the parties; and (2) the clerk must "make a record of such service." Trial Rule 72(D). *See also Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind. 1994). The CCS constitutes such a record. *Collins*, 644 N.E.2d at 117. *See also Hicks*, 932 N.E.2d at 233 (explaining that "it is well settled that the trial court speaks through its CCS").

The CCS in this case contains no indication that the clerk served Verta with either the January 2013 Order that set the $100 per day damage assessment for failure to return the pizza oven within thirty days or the April 2013 Scheduling Order that set the hearing on damages for Verta's delay past the thirty days. In regard to the lack of notice of the April 2013 Scheduling Order, Pucci argues that Verta should have "assume[d]" that the

---

*& J Servs.*, 561 N.E.2d at 829 (explaining that a clerk's failure to comply with its duty under Trial Rule 72 constitutes a mistake and excusable neglect under Trial Rule 60(B)).

trial court would schedule a hearing when Verta received a copy of Pucci's monetary damages motion. (Pucci's Br. 7). While Verta might have been able to assume that the trial court would set a hearing on Pucci's motion, the clerk had a duty to serve Verta with a copy of the scheduling order and to memorialize such action on the CCS. *See* Trial Rule 72(D). *See also Tam v. State Farm Mut. Auto. Ins. Co.*, 685 N.E.2d 1133, 1135 (Ind. Ct. App. 1997) ("Where a defendant has entered an appearance, he . . . is entitled to be notified . . . of any hearing where evidence will be taken on the merits of the case."). Indeed, "a proper Clerk's notation on the CCS will presumptively establish the fact that notice was mailed." *Trojnar v. Trojnar*, 698 N.E.2d 301, 304 (Ind. 1998).

Because the CCS does not contain any notation to indicate that the clerk had served the April 2013 Scheduling Order or the January 2013 Order on Verta, the trial court abused its discretion by denying Verta's motion seeking relief from the June 2013 Order.[6] *See M & J Servs.*, 561 N.E.2d at 829-30 (holding that party was entitled to relief due to the clerk's failure to send an order scheduling trial and failure to indicate in the CCS that the order was mailed). *See also Markle v. Ind. State Teachers Ass'n*, 514 N.E.2d 612 (Ind. 1987) (holding that a CCS entry with a handwritten notation listing of three attorneys involved in litigation was not sufficient to show that both orders were mailed because it did not specifically relate what was mailed), *reh'g denied. Cf. Collins*, 644 N.E.2d at 118 (denying requested relief because the CCS contained the clerk's notation showing that the trial court's order was mailed to the parties). Accordingly, we

---

[6] Again, we note that Verta is not appealing the January 2013 Order. However, the January 2013 Order—and the lack of notice of that order—is relevant to the determination of damages that the trial court imposed in the June 2013 Order.

reverse the trial court's denial of Verta's motion to correct error and remand to the trial court for a hearing to further determine what, if any, monetary damages should be awarded given the CCS's lack of an entry to indicate that the clerk had sent notice to Verta of the January 2013 Order.

Reversed and remanded.

MATHIAS, J., and BRADFORD, J., concur.