SOUTH BEND COMMUNITY SCHOOL
CORPORATION, and Bernie M. Nied-
balski, Appellants–Defendants,

v.

Sandra WIDAWSKI as next friend of
Sara Page, Appellee–Plaintiff.

No. 46A03–9206–CV–00193.

Court of Appeals of Indiana,
Third District.

Nov. 16, 1992.

Rehearing Denied Dec. 28, 1992.

Philip E. Kalamaros, Edward N. Kalama-
ros & Associates, Professional Corporation,
South Bend, for appellants-defendants.

Steven J. Moerlein, Moerlein Law Office,
South Bend, for appellee-plaintiff.

1. The trial court granted appellants' motion for
summary judgment as to the claim of Sandra

HOFFMAN, Judge.

Appellants-defendants South Bend Com-
munity School Corporation and Bernie M.
Niedbalski appeal the trial court's denial of
their motion for summary judgment as to
the claim of Sara Page.[1]

The facts relevant to the appeal disclose
that on September 18, 1989, Page, a minor,
injured herself while participating in a gym
class. The gym was located in a school in
the South Bend Community School Corpo-
ration, and the class was taught by Nied-
balski. Page and her mother, Widawski,
sent a notice of tort claim to appellants on
September 17, 1991, and filed a complaint
against appellants on September 18, 1991.
Appellants filed a motion for summary
judgment on March 30, 1992, and the court
held a hearing on the motion on June 1,
1992. On June 3, 1992, the court entered
findings with its order granting summary
judgment as to Widawski's claim but deny-
ing summary judgment as to Page's claim.

This Court finds the following is-
sue dispositive of the appeal: whether a
minor qualifies as an incapacitated person
for purposes of tolling the 180–day notice
requirement of the Indiana Tort Claims
Act.

As both parties note, prior to 1989, IND.
CODE § 34–4–16.5–8 (1988 Ed.) read as
follows:

"If a person is incompetent to give notice
as required in section 6 or 7 of this
chapter, his claim is barred unless notice
is filed within one hundred eighty (180)
days after the incompetency is removed."

The definition of incompetent expressly in-
cluded minors:

" 'Incompetent' means a person who is
under the age of eighteen (18) years or is
incapable by reason of insanity, mental
illness, or other incapacity of either man-
aging his property or caring for himself
or both."

IND.CODE § 34–4–16.5–2(d) (1988 Ed.).
However, the 1989 amendments to the stat-
utes substituted "incapacitated" for "in-

Widawski, and she has not appealed.

competent" and defined incapacitated as follows:

" 'Incapacitated person' means an individual who:

(1) cannot be located upon reasonable inquiry;

(2) is unable:

(A) to manage in whole or in part the individual's property;

(B) to provide self-care; or

(C) both;

because of insanity, mental illness, mental deficiency, physical illness, infirmity, habitual drunkenness, excessive use of drugs, incarceration, confinement, detention, duress, fraud, undue influence of others on the individual, or other incapacity; or

(3) has a developmental disability (as defined in IC 12–7–2–61)."

IND.CODE § 29–3–1–7.5 (1992 Supp.).[2] As Page notes, if the term incapacitated person includes minors like herself, minors must fall within the "other incapacity" category. The trial court, looking at the dictionary definition of incapacity and the fact that IND.CODE § 29–3–1–7.5 does not expressly exclude minors, found that minors do fall within the "other incapacity" category.

A trial court's entry of findings with its order denying summary judgment is helpful to the reviewing court, but the findings are not binding in any way. *P.M.S., Inc. v. Jakubowski* (1992), Ind.App., 585 N.E.2d 1380, 1381 n. 1. As discussed above, the pre-amendment statutes expressly included minors within their coverage while the post-amendment statutes do not. Moreover, the pre-amendment version of IND. CODE § 34–4–16.5–2(d) clearly distinguished minority from "other incapacity":

" 'Incompetent' means a person who is under the age of eighteen (18) years *or* is incapable by reason of insanity, mental illness, or other incapacity of either managing his property or caring for himself or both."

(Emphasis supplied.) The post-amendment definition of incapacitated person in IND. CODE § 29–3–1–7.5 tracks the language of the latter portion of the above statute while a separate statute, IND.CODE § 29–3–1–10, tracks the language of the former portion.[3] IND.CODE § 29–3–1–2 (1992 Supp.) also distinguishes minors from incapacitated persons:

" 'Claim' means, with respect to an incapacitated person *or* a minor, any liability of the incapacitated person *or* minor, whether arising in contract, tort, or otherwise, and any liability against an incapacitated person's *or* a minor's property that arises before, at, or after the appointment of a guardian, including expenses of administration." (Emphasis supplied.)

In light of the above, this Court finds that minors do not qualify as incapacitated persons for purposes of tolling the 180–day notice requirement of the Tort Claims Act. The trial court's denial of summary judgment is reversed.

Reversed.

STATON and CONOVER, JJ., concur.

---

**2.** IND.CODE § 34–4–16.5–2(d) (1992 Supp.) states that " '[i]ncapacitated' has the meaning set forth in IC 29–3–1–7.5."

**3.** IND.CODE § 29–3–1–10 defines minor as follows: " 'Minor' means an individual who is less than eighteen (18) years of age and who is not an emancipated minor."