**SOUTH BEND COMMUNITY SCHOOLS CORPORATION and Bernie M. Niedbalski, Appellants (Defendants Below),**

v.

**Sandra WIDAWSKI, as next friend of Sara Page, Appellee (Plaintiff Below).**

No. 46S03–9310–CV–1142.

Supreme Court of Indiana.

Oct. 21, 1993.

Philip E. Kalamaros, Edward N. Kalamaros & Assoc., South Bend, for appellant.

Steven J. Moerlein, Moerlein Law Office, South Bend, for appellee.

P. Gregory Cross, Cross, Marshall, Schuck, DeWeese, Cross & Feick, Muncie, for amicus curiae Indiana Trial Lawyers Ass'n.

DICKSON, Justice.

The issue presented in this case is whether a minor is an incapacitated person so as to toll the 180–day notice requirement of the Indiana Tort Claims Act, Ind.Code § 34–4–16.5, *et seq.*

Sara Page, age 7, was injured on September 18, 1989, while participating in a South Bend Community School Corporation gym class taught by Bernie M. Niedbalski. On September 19, 1991, a notice of claim against a government entity, as required by Ind.Code § 34–4–16.5–6, was provided with respect to injuries and losses sustained by Sara and her mother, Sandra Widawski. The following day, they filed a complaint against defendants-appellants South Bend Community School Corporation and Niedbalski. Because the statutory tort claim notice was not filed within 180 days after the loss occurred, the trial court granted summary judgment against the mother's claim but denied summary judgment as to the daughter's claim, finding minority to be an incapacity which relieved her of the notice deadline. Upon the defendants' appeal, the Court of Appeals reversed the denial of summary judgment. *South Bend Community School Corp. v. Widawski* (1992), Ind.App., 602 N.E.2d 1045.

■ The defendants contend that certain provisions included in Public Law 33–1989, effective May, 1989, significantly altered prior law under which minors were not required to file a tort claim notice until after the removal of their incompetency. They argue that under present law a minor plaintiff is now barred from bringing a cause of action whenever a notice of claim is not filed within the same period applicable to adults.

The plaintiff responds that the 1989 statutory changes reflect legislative intention to retain minority as a type of incapacity excepted from the 180–day notice requirement. They contend that a minor is inherently under a legal disability—a circumstance tantamount to incapacity. Plaintiff also urges that the phrase "other incapacity" in Ind.Code § 29–3–1–7.5 is sufficiently broad to include minority status and afford Sara an extension of the 180–day filing requirement until 180 days after removal of her incapacity as a minor.

Pursuant to Ind.Code § 34–4–16.5–7, any claim against a political subdivision is barred unless notice of that claim is properly filed with that entity within 180 days after the loss occurs. The statutory provisions pertinent to the present case are as follows:

If a person is incapacitated and cannot give notice as required in section 6 or 7 of this chapter, the person's claim is barred unless notice is filed within one hundred eighty (180) days after the incapacity is removed.

Ind.Code § 34–4–16.5–8.

"Incapacitated" has the meaning set forth in [Ind.Code §] 29–3–1–7.5.

Ind.Code § 34–4–16.5–2(d).

"Incapacitated person" means an individual who:

(1) Cannot be located upon reasonable inquiry;

(2) Is unable:

(A) To manage in whole or in part the individual's property;

(B) To provide self-care; or

(C) Both; because of insanity, mental illness, mental deficiency, physical illness, infirmity, habitual drunkenness, excessive use of drugs, incarceration, confinement, detention, duress, fraud, undue influence of others on the individual, or other incapacity; or

(3) Has a developmental disability (as defined in [Ind.Code §] 12–7–2–61).

Ind.Code § 29–3–1–7.5.

Prior to the 1989 amendments, these provisions read as follows:

If a person is incompetent to give notice as required in section 6 or 7 of this chapter, his claim is barred unless notice is filed within one hundred eighty [180] days after the incompetency is removed.

Ind.Code Ann. § 34–4–16.5–8 (West 1983) (amended 1989).

"[I]ncompetent" means a person who is under the age of eighteen (18) years or is

incapable by reason of insanity, mental illness, or other incapacity of either managing his property or caring for himself or both.

Law of May 4, 1987, Pub.L. No. 314–1987, sec. 1, 1987 Ind.Acts 3010 (amended 1989).

In essence, the 1989 modifications consist of replacing the term "incompetent" with "incapacitated," removing the definition of "incompetent" from the Tort Claims Act, and referring to the definition of "incapacitated" as defined in the new guardianship code at Ind.Code § 29–3–1–7.5. Emphasizing certain rules of statutory construction, the defendants argue that minors are no longer incapacitated persons under Ind. Code § 34–4–16.5–8. We do not agree.

The definition of "incapacitated person" includes individuals unable to manage their property or to provide for self-care because of mental or physical illness, substance abuse, confinement, duress, fraud, undue influence, "or other incapacity." Ind.Code § 29–3–1–7.5. By this inclusion of "or other incapacity," the definition remains open to include the status of minority. Depending upon their age and maturity level, children are inherently limited in their capacity for self-sufficiency. Persons under eighteen years of age are additionally under a legal disability. Ind.Code § 34–1–67–1(6), –1(15). Because of such natural and legal incapacities, minor persons are clearly restrained in their ability to provide self-care or to fully manage their own property. Surely, our legislature did not intend to recognize a tort claims notice deadline exemption providing protection for incarcerated persons and those suffering from substance abuse, yet leaving children unprotected.

◼ The notice provisions of the Tort Claims Act, being in derogation of common law, must be strictly construed against limitation on a claimant's right to bring suit. *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, 800; *Collier v. Prater* (1989), Ind., 544 N.E.2d 497, 498. In reviewing such a statute, we presume that the legislature did not intend to make any change in the common law beyond those declared either in express terms or by unmistakable implication. *State Farm Fire & Cas. Co. v. Structo Div., King Seeley Thermos Co.* (1989), Ind., 540 N.E.2d 597, 598. Indiana common law has long recognized minor persons ordinarily to be *non sui juris*. *Fuller v. Thrun* (1941), 109 Ind.App. 407, 413, 31 N.E.2d 670, 672.

We conclude that the status of minority qualifies a person as "incapacitated" and postpones the deadline for the required notice of tort claim under Ind.Code § 34–4–16.5–8 until within 180 days after minority ends. Such construction is also in harmony with Article 1, Section 12, of the Indiana Constitution which provides that "every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law."

Transfer is granted. The judgment of the trial court is affirmed. This cause is remanded for further proceedings.

DeBRULER, GIVAN and KRAHULIK, JJ., concur.

SHEPARD, C.J., dissents in separate opinion.

SHEPARD, Chief Justice, dissenting.

The majority accurately recites the recent history of amendments to the special statute of limitations for incompetent or incapacitated persons. I draw a different inference from this history. The former statute specifically extended the statute of limitations for children until 180 days after their eighteenth birthday. It also provided a 180–day extension for persons suffering traditional incapacities such as mental illness. In adopting the new statute, the General Assembly left out reference to persons under the age of eighteen and expanded the list of persons with traditional incapacities.

The effect of this deletion seems pretty straightforward. I conclude that it means children must file their actions within the statute of limitations by their next friend, just as Sara Page has filed this case for Sandra Widawski. Thus, I further conclude that this action was not timely filed.

Quite aside from the outcome in this case, I note that the majority has elected to declare that "other incapacity" means or includes "minors." Because the majority has chosen to read this particular word into the statute, we will necessarily need to face the question of who are "minors" under Indiana law. Many might assume that eighteen is the age of majority, but I can find no general definition of "minor" in the Indiana Code. The first definition I can find, appearing in the Uniform Transfers to Minors Act at Ind.Code Ann. § 30–2–8.5–10 (West Supp.1993) defines a minor as one who is less than twenty-one years old.