**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 07 2014, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court



ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Shelby County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STEVEN PERCIFIELD, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 73A01-1307-CR-329 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable David N. Riggins, Judge
Cause No. 73D02-1109-FD-238

**February 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Steven Percifield ("Percifield") was convicted of Operating a Vehicle while Intoxicated ("OWI"), as a Class D felony,[1] and was sentenced to eighteen months imprisonment, with all but two days suspended to probation. Upon his admission to a probation violation, the trial court revoked his probation. Percifield now raises one issue for our review, whether the trial court abused its discretion when it ordered him to serve the entirety of his suspended sentence in the Department of Correction.

We affirm.

## Facts and Procedural History

On May 7, 2012, Percifield pled guilty to OWI, and was sentenced to eighteen months imprisonment, with all but two days of his sentence suspended to probation. The terms of Percifield's probation required that he attend a Mothers Against Drunk Driving ("MADD") panel on September 12, 2012, successfully complete the Shelby County Alcohol and Drug Program, attend all scheduled appointments with the Probation Department, not commit any other criminal offenses, notify the Probation Department if he was arrested, and not use any controlled substance or drug unless prescribed by a physician and used in compliance with the physician's orders.

Percifield failed to attend the MADD panel in September 2012, instead attending a MADD panel in October 2012; however, he failed to provide the certificate of attendance to the Probation Department for nearly six months. Percifield began treatment with the Shelby

---

[1] Ind. Code § 9-30-5-3(a).

2

County Drug and Alcohol Program. However, he was required to start the program anew, eventually failed to complete treatment, and was consequently discharged from the program. Percifield also failed to attend an appointment with the Probation Department on March 22, 2013. In addition, Percifield tested positive for use of oxycodone and was arrested for a new criminal offense, but did not inform the Probation Department of this arrest.

On April 2, 2013, the State filed a petition to revoke Percifield's probation.

On June 13, 2013, a probation revocation hearing was conducted, during which Percifield admitted to violating his probation by failing to attend the September 2012 MADD panel, failing to complete the Shelby County Drug and Alcohol Program, and failing to attend the March 22, 2013 meeting with the Probation Department. Also during the hearing, the State produced testimony concerning Percifield's oxycodone use and failure to report his new arrest. At the conclusion of the hearing, the trial court revoked Percifield's probation and ordered him to serve the entirety of his suspended sentence as executed time in the Department of Correction.

On July 12, 2013, Percifield filed a motion to correct error, which the trial court denied.

This appeal ensued.

**Discussion and Decision**

Percifield appeals from the denial of his motion to correct error. We review an appeal of a trial court's order on a motion to correct error for an abuse of discretion, which occurs

3

when the trial court's decision is contrary to the facts and circumstances before it. City of Indianapolis v. Hicks, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010).

Underlying the motion to correct error is the trial court's order revoking Percifield's probation. Probation is a matter of grace left to the discretion of the trial court; it is not a right to which a defendant is entitled. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation when those conditions are violated. I.C. § 35-38-2-3; Prewitt, 878 N.E.2d at 188.

Probation revocation is a two-step process. Butler v. State, 951 N.E.2d 255, 262 (Ind. Ct. App. 2011). First, the court must make a factual determination that a probation violation has occurred; then, the court must determine if the violation warrants revocation of probation. Id. When a probationer admits violation of the terms of probation, the trial court may proceed to the second step of the inquiry. Id. A probationer is entitled to an opportunity to present evidence that explains and mitigates the violation. Id.

If the trial court decides to revoke probation, it may continue the probation without modification, extend the probationary period for a year, or order execution of all or part of the suspended sentence. I.C. § 35-38-2-3(g). We review a trial court's sentencing decisions in probation revocation proceedings for an abuse of discretion. Id. (citing Prewitt, 878 N.E.2d at 188).

Here, Percifield admitted to violating the terms of his probation. In mitigation, he presented evidence that he attended a different MADD panel than the one he was originally ordered to attend, and that he completed a different and purportedly more structured

4

treatment program than the Shelby County Drug and Alcohol Program he had been ordered to complete and from which he had been discharged. However, the State produced evidence that Percifield had tested positive for use of oxycodone while serving probation for OWI, a substance abuse-related offense. The State also produced evidence that Percifield had been arrested during the pendency of his probation and had not reported the arrest to the probation department.

Based upon these facts, Percifield violated the terms of his probation on numerous occasions, and the trial court was therefore within its discretion to order him to serve the entirety of his previously-suspended sentence as executed time in the Department of Correction.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.