**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 08 2015, 9:05 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOEL GRANBERRY**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**BRIAN E. HICKS**
Griffin, Hicks & Hicks
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| JOEL BRYCE GRANBERRY, | ) | |
| Appellant-Petitioner, | ) | |
| vs. | ) | No. 30A04-1405-CT-213 |
| THE BANK OF NEW YORK MELLON RENOVATIONS BY RUSSELL LLC., | ) | |
| Appellee-Respondents. | ) | |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard D. Culver, Judge
Cause No. 30C01-1403-CT-396

**January 8, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Pro-se Appellant Joel Bryce Granberry ("Granberry") appeals the denial of his motion to correct error, which challenged the dismissal, pursuant to Indiana Trial Rule 12(B)(8), of his action against Appellees The Bank of New York Mellon[1] and Renovations by Russell, LLC ("Russell"). We affirm and remand.

**Issues**

Granberry presents the issue of whether the denial of his motion to correct error was an abuse of discretion. Russell cross-appeals, requesting appellate attorney's fees.

**Facts and Procedural History**

On March 10, 2014, Granberry filed in the Hancock County Circuit Court a complaint against the Appellees alleging that property of himself and his predecessor-in-interest, Heidi Granberry, had been unlawfully sold at a Sheriff's sale on January 23, 2014. He asserted claims for fraud, slander of title, declaratory relief, injunctive relief, trespassing, conversion, and unjust enrichment. Granberry sought to quiet title in himself to property at 5957 North Attleburg Drive, McCordsville, Indiana, which had been the subject of foreclosure proceedings brought by The Bank of New York Mellon.

On March 13, 2014, Russell filed a motion to dismiss, asking that the action be dismissed pursuant to Trial Rule 12(B)(8) "because the same action is pending in Hancock

---

[1] The bank is not an active party on appeal.

2

Superior Court, Division 1, in Cause No. 30D01-1001-MF-0006." (App. 50.) Russell averred that MF-0006, in which Granberry had appeared purporting to be acting as Heidi Granberry's attorney-in-fact, had involved "nearly identical pleadings" collaterally challenging the mortgage foreclosure. (App. 51.) Russell further averred that the mortgage foreclosure order had not been timely appealed.

On March 26, 2014, the trial court granted Russell's motion to dismiss, stating in pertinent part:

> [T]he plaintiff's Verified Complaint and First Amended Verified Complaint is dismissed, with prejudice as a result of the plaintiff filing a new action in this Court when essentially the same action is pending in the Hancock Superior Court No. 1, under cause number 30D01-1001-MF-6.

(App. 49.) In a separate order of the same date, the trial court awarded Russell attorney's fees of $1,300.00. Granberry responded by filing a "Motion to Set Aside and Vacate Void Judgment, Request for Declaratory Relief and Damages" pursuant to Indiana Trial Rule 60(B)(6). Therein, he requested that the trial court "set aside and vacate all judgments and orders in favor of [the Appellees]." (App. 1.) The motion was summarily denied.

On April 15, 2014, Granberry filed a motion to correct error and request for findings of fact and conclusions. The motion was denied. This appeal ensued.

**Discussion and Decision**

Generally, we review a trial court's ruling on a motion to correct error for an abuse of discretion. City of Indianapolis v. Hicks, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010),

<u>trans. denied</u>. However, to the extent the issues raised on appeal are purely questions of law, our review is de novo. <u>Id.</u>

Granberry's motion to correct error challenged the order of the trial court dismissing his action pursuant to Trial Rule 12(B)(8), which permits the dismissal of an action when "[t]he same action [is] pending in another state court of this state." Trial Rule 12(B)(8) implements the general principle that, when an action is pending in one Indiana court, another Indiana court must defer to that court's authority over the case. <u>Beatty v. Liberty Mut. Ins. Grp.</u>, 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008). The rule applies where the parties, subject matter, and remedies are precisely or substantially the same. <u>Id</u>. Our review of a Trial Rule 12(B)(8) dismissal is de novo. <u>Id.</u>

It is incumbent upon Granberry, as the appellant, to provide this Court with reasoning as to why the dismissal may have been in error. Accordingly, Appellate Rule 46(A)(8)(a) requires that the argument section of the appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning." Further, "each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."

Here, Granberry baldly asserts that the trial court erred in dismissing his action but provides no argument on the merits of whether his action should have been dismissed because the same or substantially same action was pending in another Indiana court. Instead, he strenuously argues that he may, at any time, bring it to the Court's attention that a prior foreclosure judgment is void ab initio because the bank "perpetrated a fraud upon

4

the court when they attached blatantly phony documents to its complaint and counsel initiated a foreclosure action … against the former homeowner Mrs. Granberry." Appellant's Brief at 9.

Because Granberry makes no argument whatsoever as to whether the dismissed action and MF-0006 are substantially the same, he presents no justiciable issue.

Appellate Attorney's Fees

Additionally, Russell has requested appellate attorney's fees pursuant to Indiana Appellate Rule 66(E). The rule provides that this Court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith." Damages may include attorney's fees. See id. Noncompliance with Appellate Rule 46(A)(8) can constitute procedural bad faith that may entitle the non-offending party to appellate attorney's fees. Thacker v. Wentzel, 797 N.E.2d 342, 347 (Ind. Ct. App. 2003).

In considering a request for appellate attorney's fees, we exercise extreme restraint because of the potential chilling effect upon the exercise of the right to appeal. Plaza Grp. Props., LLC v. Spencer Cnty. Plan Comm'n, 911 N.E.2d 1264, 1274 (Ind. Ct. App. 2009), trans. denied. However, in the circumstances presented here, where the appellant wholly failed to present relevant argument, we find that the request for appellate attorney's fees should be granted. We remand for a determination of the amount of those fees.

Affirmed and remanded.

ROBB, J., and BROWN, J., concur.