## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2018, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Vassil M. Marinov
West Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Todd M. Nierman
Bonnie L. Martin
Ogletree Deakins Nash Smoak &
Stewart, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Vassil Markov Marinov, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Fiat Chrysler Automotive, <br> *Appellee-Defendant.* | March 20, 2018 <br><br> Court of Appeals Case No. <br> 79A05-1707-SC-1723 <br><br> Appeal from the Tippecanoe <br> Superior Court <br><br> The Honorable Laura Zeman, <br> Judge <br><br> Trial Court Cause No. <br> 79D04-1508-SC-2922 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Vassil Marinov (Marinov), appeals the trial court's denial of his motion to correct error which challenged the dismissal of his small claims complaint against his employer, Appellee-Defendant, Fiat Chrysler Automotive (Fiat), in which Marinov denied the validity of an assignment of wages for payment of union dues.

We affirm.

# ISSUE

Marinov presents us with one issue on appeal, which we restate as: Whether the small claims court properly granted Fiat's motion to dismiss concluding that Marinov's claim is preempted.

# FACTS AND PROCEDURAL HISTORY

On July 8, 2013, Marinov started his employment with Fiat pursuant to the terms and conditions of a collective bargaining agreement between the United Automobile and Agricultural Implement Workers of America (UAW) and Fiat. This collective bargaining agreement was valid October 2011 through October 2015. Pursuant to its terms and as a condition of employment, all employees were required to be dues-paying members of the UAW. Employees could pay their union dues either by a check-off and automatic deduction from their paycheck or they could elect to pay the UAW directly. Marinov signed a union dues check-off form, which explicitly stated the dues requirements and the procedure an employee must follow if the employee wants to revoke the dues

check-off authorization. As a result of Marinov signing the dues check-off form, Fiat began to deduct UAW dues from his paycheck and to forward the dues to UAW as required by the collective bargaining agreement. Marinov claims that he notified Fiat in September 2013 of his objection to having union dues deducted from his paycheck based on religious reasons. However, Fiat continued to deduct UAW dues from Marinov's paycheck.

[5] On August 4, 2015, Marinov filed a Complaint with the small claims court, alleging that Fiat improperly deducted union dues from his paychecks, in violation of the Indiana Wage Deduction Statute, Ind. Code § 22-2-6-2. On December 23, 2015, Fiat filed a motion to dismiss Marinov's Complaint, claiming that the small claims court lacked subject matter jurisdiction over the claim as it was preempted by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* and the Labor Management Relations Act of 1947, 29 U.S.C. § 141, *et seq.* On February 25, 2016, Marinov appeared at a non-evidentiary hearing, at the conclusion of which the small claims court entered an order of dismissal. On March 21, 2016, Marinov filed a motion to correct error, which was denied by the small claims court on the same day. Marinov appealed.

[6] On June 21, 2016, while the appeal was pending, Marinov filed a Charge Against Employer with the National Labor Relations Board (NLRB). After investigation, the NLRB dismissed Marinov's filing because he completed an Authorization for Check-Off of Dues and Initiation Fee form which he has never revoked. Upon receiving the decision, Marinov appealed. The NLRB denied the appeal, citing the same reasons given previously.

[7] On December 29, 2016, this court of appeals remanded the case to the small claims court to hold an evidentiary hearing in order to develop jurisdictional facts. *See Marinov v. Fiat Chrysler Automotive*, 2016 WL 7493516 (Ind. Ct. App. Dec. 29, 2016). On June 7, 2016, the small claims court conducted an evidentiary hearing at which it took sworn testimony to develop jurisdictional facts and reaffirmed its dismissal of Marinov's claims. On June 26, 2017, Marinov filed a motion to correct error, which was denied on June 29, 2017.

[8] Marinov now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

[9] Marinov appeals the trial court's denial of his motion to correct error, in which he asserted that Fiat improperly deducted union dues from his paycheck. Generally, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*. However, to the extent the issues raised on appeal are purely questions of law, our review is *de novo*. *Id*.

[10] Indiana is a so-called "right to work" state, meaning that employees cannot be required to join a union as a condition of employment.[1] *See* I.C. § 22-6-6-8. However, Indiana Code section 22-2-6-2 permits an employee to authorize a

---

[1] However, Fiat's employees would still be required to proceed under the terms of the active collective bargaining agreement until it expired in October 2015. This included membership in the union and payment of union dues.

wage assignment as one method of paying union dues. Yet, "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that the state jurisdiction must yield." *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244, 79 S.Ct. 773, 3L.Ed.2d 775 (1959).

[11]   As we already acknowledged in our memorandum opinion issued after Marinov's first appeal, the United States District Court for the Northern District of Indiana recently recognized that there is a conflict of law, to some extent, between Indiana Code section 22-2-6-2 and federal law regarding dues checkoff authorizations:

> [T]o the extent that an Indiana law conflicts with federal law regarding dues checkoff authorizations, the State law is preempted, and [employer] has no obligation to comply with it. Indiana's wage assignment statute requires that all assignments of wages be revocable at any time. The assignment of wages for union dues, however, is an area that has long been regulated by federal law. So regulated, in fact, that there is no room for regulation by the states, and *laws like Indiana's wage assignment statute are preempted when it comes to dues checkoffs.* As a result, Indiana's wage assignment statute does not govern dues checkoff authorizations[.]

*General Cable Indus. v. Chauffeurs, Teamsters, Warehousemen and Helpers Local Union No., 135*, 2016 WL 3365133, slip op. at 3, (N.D. Ind. June 17, 2016) (internal citations & references omitted) (emphasis added).

Accordingly, as Marinov signed a valid union dues check-off form and as there is no evidence of coercion or lack of consent, this court's jurisdiction is preempted by federal law and, therefore, the small claims court properly dismissed Marinov's claim for lack of subject matter jurisdiction.[2]

# CONCLUSION

Based on the foregoing, we hold that the small claims court properly dismissed Marinov's claim for lack of subject matter jurisdiction.

Affirmed.

Baker, J. and Brown, J. concur

---

[2] We note that to this date Marinov has still not properly notified Fiat and the UAW Local 685 of his decision to withdraw from membership in the union. The instructions for the required procedures are set forth in the check-off form signed by Marinov in July 2013. Counsel for Fiat has repeatedly informed Marinov of the required procedure and the strict time frame in which to do this. During the evidentiary hearing before the small claims court, Fiat's counsel again informed Marinov of the upcoming time frame in which he may revoke his union membership.