# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 14 2018, 6:13 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Deborah Markisohn
Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Jenny R. Buchheit
Stephen E. Reynolds
Gregory W. Pottorff
Ice Miller LLP
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Civil Commitment of:<br><br>C.H.,<br><br>*Appellant-Respondent,*<br><br>v.<br><br>Options Behavioral Health System,<br><br>*Appellee-Petitioner* | November 14, 2018<br><br>Court of Appeals Case No.<br>18A-MH-638<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Steven Eichholtz, Judge<br><br>The Honorable Kelly M. Scanlan, Master Commissioner<br><br>Trial Court Cause No.<br>49D08-1802-MH-7269 |

| | |
|---|---|
| In the Matter of the Civil Commitment of:<br><br>L.C.,<br><br>*Appellant-Respondent,*<br><br>v.<br><br>Community Health Network, Inc.,<br><br>*Appellee-Petitioner* | Court of Appeals Case No. 18A-MH-638<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Steven Eichholtz, Judge<br><br>The Honorable Kelly M. Scanlan, Master Commissioner<br><br>Trial Court Cause No. 49D08-1802-MH-6672 |
| In the Matter of the Civil Commitment of:<br><br>D.P.,<br><br>*Appellant-Respondent,*<br><br>v.<br><br>Community Health Network, Inc.,<br><br>*Appellee-Petitioner* | Court of Appeals Case No. 18A-MH-638<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Steven Eichholtz, Judge<br><br>The Honorable Kelly M. Scanlan, Master Commissioner<br><br>Trial Court Cause No. 49D08-1803-MH-11837 |

**Vaidik, Chief Judge.**

[1] In these consolidated appeals, C.H., L.C., and D.P. challenge orders temporarily committing them (i.e., for up to ninety days) to mental-health facilities. They argue that the orders are invalid because they were signed only by the commissioner who presided over the commitment hearings and not by the probate judge. They are right, as we recently held in another case involving the same commissioner and judge. *See In re Civil Commitment of L.J.*, Case No.

18A-MH-152, slip op. at 4-6 (Ind. Ct. App. Oct. 18, 2018). But we will not disturb the orders (all of which expired several months ago). None of the appellants raised this issue in the trial court, which would have given that court an opportunity to address the error. Therefore, the appellants waived this issue for purposes of appeal. *See City of Indianapolis v. Hicks*, 932 N.E.2d 227, 231 (Ind. Ct. App. 2010) ("[D]efects in the authority of a court officer, as opposed to the jurisdiction of the trial court itself, to enter a final order will be waived if not raised through a timely objection."). Given this waiver, we affirm the now-expired orders of temporary commitment.

[2] Affirmed.

Riley, J., and Kirsch, J., concur.