## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 05 2019, 9:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

James K. Gilday
Gilday & Associates, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Jessica R. Gastineau
Traci M. Cosby
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Muir Woods Section One Association, Inc., et al.,

*Appellants-Plaintiffs,*

v.

Claudia O. Fuentes, Marion County Treasurer; et al.,

*Appellees-Defendants.*

June 5, 2019

Court of Appeals Case No. 18A-CC-2643

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No. 49D14-1802-CC-6237

**Bailey, Judge.**

# Case Summary

[1] Muir Woods Section One Assn., Inc. and Nantucket Bay Homeowners Association, Inc. (collectively, the "HOAs") appeal, alleging the improper dismissal of their action against several Marion County officials (the "Officials"). Because the record is ambiguous as to whether the court reinstated the action upon a motion to correct error, we remand for clarification.

# Facts and Procedural History

[2] In 2018, the HOAs filed separate complaints against the Officials, who then moved to dismiss each action. The actions were consolidated, and the trial court granted the motions to dismiss on September 4, 2018. The HOAs filed a motion to correct error on October 4, 2018. The next day, the court made the following entry on its Chronological Case Summary ("CCS"): "Order Denying Motion to Dismiss." App. Vol. 2 at 8. The court also distributed a document titled "ORDER VACATING SEPTEMBER 4, 2018 ORDER GRANTING MOTION TO DISMISS." *Id.* at 16. The document has the word "DENIED" placed near the top. *Id.* The HOAs filed a Notice of Appeal, purporting to challenge dismissal of the action and denial of their motion to correct error.

# Discussion and Decision

[3] Pursuant to Indiana Trial Rule 77(B), "[t]he CCS is an official record of the trial court" and a trial court judge "shall cause CCS entries to be made of all judicial events." Moreover, it is well-settled "that the trial court speaks through its

CCS" and an appellate court "is limited in its authority to look behind the CCS to examine whether an event recorded therein actually occurred." *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 233 (Ind. Ct. App. 2010), *trans. denied*.

[4] On October 5, 2018—the day after the HOAs filed a motion to correct error—the court made the following CCS entry: "Order Denying Motion to Dismiss." App. Vol. 2 at 8. At that time, there was no pending motion to dismiss. Nonetheless, the entry suggests the court was granting the motion to correct error, in that the allegation of error related to an order granting a motion to dismiss. Thus, granting relief would be functionally equivalent to denying that earlier motion to dismiss—and the entry reflects denial of a motion to dismiss.

[5] The same day of this unclear CCS entry, the court distributed a document titled "ORDER VACATING SEPTEMBER 4, 2018 ORDER GRANTING MOTION TO DISMISS." *Id.* at 16. The document resembles a proposed order as it refers to the motion to correct error and contains blank spaces for a date and a signature. If the trial court had filled in those spaces, the document would appear to grant relief to the HOAs. Yet, the court did not fill in those spaces. It instead wrote "DENIED" near the top. *Id.* Were this a proposed order accompanying a motion, this language of denial would suggest the denial of the underlying motion—although writing "DENIED" on a proposed order is far less clear than writing "DENIED" atop the motion itself. Nevertheless, the origin of this document is unclear. Indeed, the motion to correct error in the Appendix does not include a proposed order. *See* App. Vol. 3 at 2-109. Moreover, the CCS does not reflect separate receipt of a proposed order.

The parties make no issue of the imprecise actions of the court.[1]  However, we decline to make assumptions about this ambiguous record.  Indeed, if the court has reinstated the case, we would lack jurisdiction.  *See* Ind. Appellate Rule 5 (conferring jurisdiction over final judgments as well as certain interlocutory orders as set forth in Appellate Rule 14); App. R. 14 (listing nine types of interlocutory orders appealable as of right—none of which apply—in addition to a process for perfecting a discretionary interlocutory appeal).  We therefore remand with instructions to clarify disposition of the motion to correct error.

Remanded.

Riley, J., and Pyle, J., concur.

---

[1] In briefing, the Officials omit a statement of the case while failing to expressly agree with the statement of the case set forth in the Brief of Appellants, contrary to Appellate Rule 46(B)(1).