## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 05 2020, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Julie A. Camden
Camden & Meridew, P.C.
Fishers, Indiana

ATTORNEY FOR APPELLEE

Christopher T. Smith
Smith Davis LLC
Greenfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

Crystal Couture Moore,
*Appellant-Petitioner,*

v.

Alan J. Couture,
*Appellee-Respondent.*

May 5, 2020

Court of Appeals Case No.
19A-DR-2798

Appeal from the Hancock Circuit Court

The Honorable R. Scott Sirk, Judge

Trial Court Cause No.
30C01-0206-DR-380

**Bradford, Chief Judge.**

# Case Summary

[1] Crystal Couture Moore ("Wife") and Alan J. Couture ("Husband") were married in 1983 and divorced in 2002. In the 2002 divorce decree, the trial court found that Husband had committed a marital tort against Wife and entered judgment against Husband in the amount of $675,000 (the "judgment"). The trial court explicitly found that the judgment was to compensate Wife for an intentional battery committed by Husband and would not be dischargeable in bankruptcy. In the years following the parties' divorce, Husband has filed for bankruptcy on two different occasions. The judgment was not discharged in either bankruptcy proceeding. Husband subsequently requested that the second bankruptcy court reconsider whether the judgment should have been discharged by the bankruptcy proceedings. Before ruling on Husband's request, the bankruptcy court asked the trial court to clarify the nature of the marital tort and whether the judgment was intended to be akin to alimony or support.

[2] In June of 2019, the trial court conducted a two-day trial to determine the nature of the marital tort and judgment. Despite Wife's assertion that re-litigation of whether a marital tort occurred was barred by the doctrine of res judicata, on September 4, 2019, the trial court found that no marital tort had occurred. The trial court also denied Wife's subsequent motion to correct error in which she again argued res judicata. Wife contends that the trial court abused its discretion in denying her motion to correct error, claiming that re-litigation of the issue of whether a marital tort had occurred was barred by the

doctrine of res judicata. Concluding that the trial court abused its discretion in finding that Wife had waived her right to assert res judicata, we reverse and remand with instructions for the trial court to issue an order classifying the marital tort and judgment as an intentional battery which resulted in a willful and malicious injury by Husband to Wife.

# Facts and Procedural History

[3] Husband and Wife married on April 23, 1983. Wife initiated divorce proceedings in June of 2002.[1] In these proceedings, Wife alleged that Husband had committed a marital tort against her by causing her to contract the human papillomavirus ("HPV"). The trial court issued a decree dissolving the parties' marriage on September 23, 2002. With regard to the marital tort, the trial court found as follows:

> Judgment for Marital Tort: It was [Wife's] intention to file a spousal tort action against [Husband]. [Husband] further acknowledges and stipulates that as a direct and proximate cause of [Husband's] action, [Wife] has suffered damages for which [Husband] is responsible under a theory of intentional battery, which warrants punitive damages, and shall not be dischargeable in bankruptcy.
>
> Based thereon, [Wife] shall have a judgment against [Husband] in the sum of Six Hundred Seventy-five Thousand Dollars ($675,000) with said judgment to accrue interest at the rate of 8% per annum.

---

[1] Two children were born during the course of the parties' marriage. (Appellant's App. Vol. II p. 18)

In lieu of the filing of a separate action, [Husband] agrees to the foregoing judgment being entered in this action and made a part of this Decree. Both parties expressly waive their right to try such claim before a jury.

That [Husband] shall pay the foregoing judgment at the rate of $2,271.39 bi-monthly due on the 15th and the last day of each month. Said payment shall be reduced by the amount paid towards child support, the mortgage and alimony as referenced above so that the total amount paid towards the child support, alimony, mortgage and judgment does not exceed $2,271.39 bi-monthly with an annual increase of three (3) percent.

Upon a modification or termination of the child support, the mortgage obligation or alimony obligation as set forth above, payment on the judgment shall commence so as to make the total payment by [Husband] for child support, alimony, mortgage and judgment equal to $2,271.39 bi-monthly, with an annual increase of three (3) percent.

Appellant's App. Vol. II p. 21.

[4] In 2004, Husband filed for bankruptcy in the Northern District of Indiana. The judgment was not discharged in this action and Husband thereafter continued to make payments on the judgment. In 2012, Husband filed for bankruptcy in the United States Bankruptcy Court for the District of Montana (the "Bankruptcy Court"). The Bankruptcy Court found the judgment to be non-dischargeable.

[5] On January 6, 2017, Wife filed a motion for rule to show cause in the trial court after Husband stopped making payments on the judgment. Husband, claiming

to believe that the judgment had been discharged in the 2004 bankruptcy proceedings, filed a motion for relief in the Bankruptcy Court, requesting that it reconsider its previous determination that the judgment was not dischargeable in the bankruptcy proceedings. On May 24, 2018, the Bankruptcy Court issued an order holding Husband's motion in abeyance and invited the trial court "to provide clarification on the nature of the marital tort debt, and whether it was intended to be in the nature of alimony or support for [Wife]." Appellant's App. Vol. II p. 52. On June 20, 2019, the Bankruptcy Court issued another order in which it requested the trial court to clarify "the nature of the marital tort debt, and whether it was intended to be in the nature of alimony or support for [Wife]" on or before July 18, 2019. Appellant's App. Vol. II p. 105.

[6] In accordance with the Bankruptcy Court's requests for clarification, the parties agreed to a trial date for the trial court to hear argument relating to "the nature of the marital tort that has been the subject of two prior bankruptcy proceedings[.]" Appellant's App. Vol. II p. 35. During the first day of trial, Husband argued that "the issue in this case seems now to turn on whether the — the nature of the marital tort and whether it was intentional. An intentional tort that is one that is willful and malicious is non-dischargeable. Whereas one that is not willful and malicious is." Tr. p. 33. Wife countered, stating that the issue of whether an intentional marital tort occurred

> is res judicata Your Honor. This has already been determined by this Court you know back in 2002. That — you know we'll let you read the transcript and — and see it for yourself. But I think it's very clear that you know he was trying to get out of the

marriage, he was — he had agreed to a — a marital tort. And I think the record is very clear and now — now that he's trying to discharge it and avoid payment on it years later, he is now trying to say that oh no, no I can't remember and you know now that it's twenty years later it's easy to say well the — the records aren't available or it's tough to prove the negative.

Tr. p. 34. At the conclusion of the second day of trial, Husband argued that

> The Bankruptcy Court in Montana remanded this matter to this Court for this Court to determine the nature of the marital tort that is at issue in this case. Particularly the most important aspect of that is was it an intentional tort which based on bankruptcy law as I understand it can be non-dischargeable whereas a tort that is not intentional is dischargeable.

Tr. p. 85. Husband continued "So Your Honor the finding that this Court should make is to the point there is no indication of any intention tort for how can a man intentionally inflict a disease he has no way to know that he has? One cannot do that." Tr. p. 87. Wife countered "I think it's important to look back at the agreement that was placed on the record that the parties agreed to a marital tort back then Your Honor…. One of the problems we have Your Honor is we thought this was done. We had this agreement, we put this on the record." Tr. p. 88.

[7] On September 4, 2019, the trial court issued an order in which it found as follows:

> 12. No evidence was presented by [Wife] or [Husband] that [Husband] ever contracted HPV or any other STD, and no evidence was presented to suggest he intentionally or even

negligently transmitted HPV or another STD to [Wife].

13.  In light of the foregoing findings, the Court finds that [Wife] has failed to meet her burden of proving by a preponderance of the evidence that [Husband] committed the marital tort against her, and [Wife] has failed to meet her burden of proving by a preponderance of the evidence that any transmission of HPV or another STD by [Husband] to [Wife] was intentional.

Appellant's App. Vol. II pp. 109–10.  With respect to Wife's claim that a determination of whether a marital tort had occurred was barred by the doctrine of res judicata, the trial court found as follows:

4.  [Wife] asserts this issue was resolved by res judicata. However, on October 22, 2018, the parties agreed to a trial on these issues that had previously been resolved.  The Court finds that therefore by agreeing to a trial the issue of res judicata was waived by [Wife].  The parties agreed to a new trial of the issue of marital tort before the Court.

Appellant's App. Vol. II p. 108.

[8]     On September 27, 2019, Wife filed a motion to correct error, in which she asserted as follows:

That within paragraph four (4) of the Order on Trial to Determine Nature of Marital Tort, the Court found that by agreeing to a trial on the issues of res judicata, it was therefore waived by [Wife].  That this Finding is incorrect.  That the attorneys for [Wife] and [Husband] met in chambers with Commissioner Coombs.  That Commissioner Coombs requested that the parties reduce the dates to writing and submit to the Court.  That in response to said request from Commissioner Coombs, the pleading titled Agreement on Trial Date was filed

with the Court on or about October 22, 2018. That the only thing [Wife] agreed to do was to provide guidance to the United States Bankruptcy Court for the District of Montana as requested within the Order dated May 24, 2018. That hearing in Hancock Circuit Court was going to be held with or without our authorization. That [Wife] raised the res judicata argument multiple times throughout the actual Court hearing. That the meeting with Commissioner Coombs was not on the record but undersigned Counsel recalls both parties gave the Court a quick summary of the issues for hearing to assist the Court with trying to determine an appropriate length of time necessary to try the matter as is usually done. That one of the issues raised to the Court in the brief summary was res judicata. That the Agreement on Trial Date was an administrative function for the Court's convenience, not an agreement by [Wife] to undo the Decree of Dissolution of Marriage dated September 23, 2002.

Appellee's App. Vol. II pp. 2–3. During the hearing on Wife's motion to correct error, Wife stated that "the main point I wanted to argue is Res Judicata." Tr. p. 95. She further stated the following:

The October 22, 2018 Order — I guess probably the relevant part says by agreement of the parties this matter should be rescheduled for trial to determine the nature of the marital tort that has been the subject matter of two prior bankruptcy proceedings.… So I think in the — the Court relied upon that as us waiving Res Judicata Your Honor and I just want to — I wanted to point out that I just by no intent did I want to waive Res Judicata. I was just trying to — you know I think we had met down in Judge — Commissioner Coombs' office Your Honor and we kind of both gave him a synopsis of what our sides were and he had asked hey you know please just reduce that to writing and filing it with the Court, make it a court order. So I — I felt like that was kind of more of an administrative — or administrative function that we were assisting the Court with. So

you know I did not want to waive and I — I don't believe the language of the agreement contemplates that we cannot bring up Res Judicata nor was that waived[.]

Tr. pp. 95–96.  On October 28, 2019, the trial court denied Wife's motion to correct error.

# Discussion and Decision

[9]  Wife appeals following the denial of her motion to correct error.  "In general, we review a trial court's ruling on a motion to correct error for an abuse of discretion."  *City of Indpls. v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010).  "However, to the extent the issues raised … are purely questions of law, our review is de novo."  *Id.*  In this case, Wife claims that the trial court abused its discretion in finding that re-litigation of the question of whether Husband committed a marital tort was not barred by the doctrine of res judicata.  Wife also claims that the trial erred in failing to find that the marital tort was in the nature of support and was therefore non-dischargeable in bankruptcy.

## I.  Res Judicata

[10]  The doctrine of res judicata serves to prevent the litigation of matters that have already been litigated.  Res judicata consists of two distinct components:  claim preclusion and issue preclusion.  Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties.  When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action.  Claim preclusion applies when the following four

factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies. Final judgments dispose of the subject matter of the litigation as to the parties so far as the court in which the action is pending has the power to dispose of it.

*TacCo Falcon Point, Inc. v. Atl. Ltd. P'ship XII*, 937 N.E.2d 1212, 1218–19 (Ind. Ct. App. 2010) (internal citations and quotation omitted). It is undisputed that the first, third, and fourth factors set forth in *TacCo* are satisfied here. The parties, however, dispute whether the trial court's judgment was rendered on the merits.

[11] In 2002, Husband stipulated to the fact that he had committed a marital tort against Wife. Husband further stipulated that as a direct and proximate cause of his actions, Wife "suffered damages for which [Husband] is responsible under a theory of intentional battery, which warrants punitive damages and shall not be dischargeable in bankruptcy." Appellant's App. Vol. II p. 21. The trial court accepted Husband's stipulations, incorporated them into its final appealable judgment, and found that Husband had committed a marital tort against Wife.

[12] "It has been held that parties entering into a stipulation are bound to the facts so stipulated." *Wittwer v. Wittwer*, 545 N.E.2d 27, 29 (Ind. Ct. App. 1989). "Once a stipulation is entered into between the parties, the facts so stipulated are conclusive upon both the parties and the tribunal." *Id.* Given that both

Husband and the trial court were bound by Husband's stipulations and the stipulations were incorporated into the trial court's final appealable judgment, we conclude that, for the purposes of res judicata, the issue was decided on the merits. Because all four of the *TacCo* factors were satisfied, the parties were barred from re-litigating the issue of whether Husband committed a marital tort. That said, the question before us on appeal is whether the trial court abused its discretion in finding that Wife waived her right to assert that re-litigation of the issue was barred by the doctrine of res judicata.

[13] The United States Bankruptcy Code provides that "[a] discharge … does not discharge an individual debtor from any debt … (5) for a domestic support obligation; [or] (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C.A. § 523(a). The instant trial became necessary after Husband requested that the Bankruptcy Court find that the judgment should have been discharged in his bankruptcy proceedings and the Bankruptcy Court sought clarification on "the nature of the marital tort debt, and whether it was intended to be in the nature of alimony or support for [Wife]." Appellant's App. Vol. II p. 105. The Bankruptcy Court's request for clarification was limited in scope to the specific nature of the marital tort and whether it was intended to be akin to alimony or support.

[14] After receiving the Bankruptcy Court's request for clarification, the parties agreed to a trial date for the trial court "to determine the nature of the marital

tort that has been the subject of two prior bankruptcy proceedings[.]"[2] Appellant's App. Vol. II p. 35. In arguing that the trial court abused its discretion in denying her motion to correct error, Wife asserts that her agreement to proceed with a new trial was limited to the scope of the Bankruptcy Court's request for clarification and was not an agreement to re-litigate the question of whether Husband committed a marital tort. Husband acknowledges that the trial was focused and/or limited "by agreement of the parties on the issue of the nature of the marital tort." Appellee's Br. p. 12. Furthermore, there is nothing in the record that indicates that the parties' agreement to have a new trial was expanded beyond the scope of the Bankruptcy Court's request for clarification. Given the lack of evidence to the contrary, we conclude that the record supports Wife's assertion that her agreement to proceed to trial was limited to the scope of the Bankruptcy Court's request for clarification. Accordingly, we conclude that the trial court abused its discretion in finding that Wife waived her right to assert that re-litigation was barred by res judicata.[3]

---

[2] Husband claims that Wife has waived her appellate res judicata claim because she did not raise the issue of res judicata until her motion to correct error. The record reveals, however, that Wife raised the issue of res judicata at trial.

[3] During trial, Wife submitted a transcript of the parties' 2002 divorce proceedings, during which Husband acknowledged that Wife had contracted HPV as a result of the extramarital intimate relations that he engaged in during the parties' marriage. Despite making this acknowledgment under oath during the 2002 divorce proceedings, Husband disavowed his prior acknowledgment during the instant trial, claiming that an STD test conducted in April of 2019, indicated that he did not currently have any STDs. In making this claim, Husband acknowledged, however, that the STD test was not determinative of whether he previously had or currently has HPV as there is no HPV test available for males. There is nothing in the record beyond Husband's self-serving testimony that he currently has no reason to believe that he transmitted HPV to Wife or ever intended to transmit HPV to Wife that would negate the testimony during the parties' 2002 divorce

# II. Nature of Judgment

[15] Wife also contends that the trial court should have clarified for the Bankruptcy Court that the judgment was not dischargeable. We agree.

[16] Again, the United States Bankruptcy Code provides that "[a] discharge … does not discharge an individual debtor from any debt … (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C.A. § 523(a). The term willful is defined as "done deliberately : INTENTIONAL." https://www.merriam-webster.com/dictionary/willful (last visited April 23, 2020). As is discussed above, Husband stipulated that he had committed an intentional battery against Wife and that the judgment would not be dischargeable in bankruptcy. Husband argues in the instant proceedings that he could not have willfully or maliciously injured Wife as he did not intentionally injure Wife. Husband's argument is in direct conflict with his prior stipulation that he committed an intentional battery on Wife. Given that Husband is bound by his prior stipulation that he committed an intentional battery on Wife, *see Wittwer*, 545 N.E.2d at 29, we conclude that the judgment compensates Wife for a willful or malicious injury committed on Wife by Husband. As such, the judgment was not dischargeable in Husband's subsequent bankruptcy proceedings. *See* 11

---

proceedings indicating that there was "a high probability" that Husband transmitted HPV to Wife. Ex. Vol. p. 32. Given that the transcript of the 2002 divorce proceedings was entered into evidence during the instant trial, the record does not support the trial court's finding that "[n]o evidence was presented by [Wife] or [Husband] … to suggest [Husband] intentionally or even negligently transmitted HPV or another STD to [Wife]." Appellant's App. Vol. II pp. 109–10.

U.S.C.A. § 523(a). On remand, we instruct the trial court to enter an order classifying the judgement as such.

[17] The judgment of the trial court is reversed, and the matter remanded with instructions.

Baker, J., and Pyle, J., concur.